| | |
|---|---|
| 1 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
| | Mark C. Dosker (CA Bar # 114789) |
| 2 | mdosker@ssd.com |
| | Julie E. Schwartz (CA Bar # 260624) |
| 3 | jeschwartz@ssd.com |
| | One Maritime Plaza, Third Floor |
| 4 | San Francisco, CA 94111 |
| | Telephone: +1.415.954.0200 |
| 5 | Facsimile: +1.415.393.9887 |
| 6 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
| | Philip M. Oliss (*Pro Hac Vice*) |
| 7 | poliss@ssd.com |
| | 4900 Key Tower, |
| 8 | 127 Public Square |
| | Cleveland, OH 44114 |
| 9 | Telephone: +1.216.479.8500 |
| | Facsimile: +1.216.479.8780 |
| 10 | |
| 11 | Attorneys for Defendant |
| | SEARS, ROEBUCK AND CO. |
| 12 | |
| 13 | OTHER PARTIES' COUNSEL SHOWN |
| | ON SIGNATURE PAGE |
| 14 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 18 | MARTIN MURRAY, individually, on behalf of the General Public and on behalf of all others similarly situated, | Case No. C-09-5744-CW |
| 19 | | **CLASS ACTION** |
| 20 | Plaintiffs, | E-Filing |
| 21 | v. | **REPORT PURSUANT TO** |
| 22 | SEARS, ROEBUCK AND CO., a Corporation, ELECTROLUX HOME | **Fed. R. Civ. P. 26(f)** |
| 23 | PRODUCTS, Inc., a Corporation, et al. | |
| 24 | Defendants. | |

RULE 26(f) REPORT
CASE NO. C-09-5744-CW

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for all parties engaged in a conference on January 19, 2010. Participating were counsel for Plaintiff Martin Murray ("Plaintiff"), counsel for Defendant Sears, Roebuck and Co. ("Sears"), and counsel for Electrolux Home Products, Inc. ("Electrolux"; collectively with Sears the "Defendants"). The conference took place telephonically because counsel for the parties are located in different states as well as different counties within California. The parties hereby submit this Rule 26(f) Report.

## DISCOVERY PLAN[1]

**PLAINTIFF'S STATEMENT**

Pursuant to Rule 26 (a)(1)(C), Plaintiff requests that the Court rule on Defendants' objection to providing Initial Disclosures and order that said Defendants, and each of them, provide each disclosure required under Rule 26(a)(1)(A) by a date certain. As discussed, *infra*, Defendants' motion to stay this case is unwarranted. Therefore initial disclosures should be ordered at this time.

### I. Relevant Background

This action is brought by Plaintiff Murray, individually and on behalf of others similarly situated, to obtain equitable relief, declaratory relief, damages, restitution and/or other remedies, for violations by Defendants Sears, Roebuck and Co. ("Sears") and Electrolux Home Products, Inc. ("Electrolux") (collectively "Defendants") of, inter alia, state consumer protection statutes, in connection with Defendants' course of conduct arising out of the wrongful disclosure, omissions of material fact and sale of certain consumer products, styled Kenmore-brand laundry dryers with a purported stainless steel drum ("subject products").

---

[1] Because Plaintiff and Defendants were unable to reach agreement on many of the issues addressed at the Rule 26(f) conference, their respective positions are set for separately below. The portion of this report under the heading "Plaintiffs Position" was prepared by Plaintiff's counsel, and the portion under the heading "Defendants' Position" was prepared by counsel for Sears and Electrolux, respectively. This report addresses the parties' respective positions on the issues specifically identified in Rule 26(f)(3). In accordance with this Court's December 21, 2009 Case Management Scheduling Order (Dkt. 28), the parties will submit a Joint Case Management Statement addressing all additional issues identified in Civil Local Rule 16-9 no later than seven days prior to the May 4, 2010 Case Management Conference.

- 2 -

RULE 26(f) REPORT
CASE NO. C-09-5744-CW

Plaintiff seeks relief from the Defendants in the California courts under his 1) First Cause of Action for Violation of the Consumer Legal Remedies Act ("CLRA") Civil Code §§ 1770(a)(5), (7) and/or (9); 2) Second Cause of Action for violation of the Unfair Competition Law, California B&P Code §17200 et seq.; 3) Third Cause of Action for Unjust Enrichment; and 4) Fourth Cause of Action for Breach of Contract in the Complaint ("Complaint").

Mr. Murray is a **California resident** and Sears customer who **purchased in California** a Kenmore-brand laundry dryer from Defendants for personal, family or household use after disclosure of and in reliance on the alleged material representations, acts and/or omissions of material fact regarding Defendants' false or misleading quality, characteristic and benefit claim for such product [as having a "stainless steel" drum]. (Complaint, ¶4)

On March 9, 2006 a class action in the case of *Thorogood v. Sears Roebuck and Company*, ("*Thorogood* Case") was filed in the Circuit Court of Cook County, Illinois, Case No. 06 CH 04724, alleging similar general set of operative facts as alleged herein and seeking claims for violation of the Tennessee Consumer Protection Act, Breach of Express Warranty, Breach of Implied Warranty of Fitness for a Particular Purpose and Unjust Enrichment. (Complaint, ¶50).

Between November 1, 2007 and October 28, 2008, Murray was a class member of the certified class in the *Thorogood* Case. (Complaint, ¶53).

On October 28, 2008, the class action in the *Thorogood* Case was decertified by the Seventh Circuit United States Court of Appeals.

On July 1, 2009, the *Thorogood* Case was dismissed with prejudice.

Since the *Thorogood* case has been dismissed with prejudice in the trial court and sits on a second appeal in the Seventh Circuit not involving Mr. Murray as a class member, a stay at this time puts Plaintiff Murray "effectively out of court" with no further litigation pending in a district court. Assuming arguendo that the dismissal of the *Thorogood* case is reversed on appeal and remanded to the trial level, the *Thorogood* case provides no res judicata relief to resolve Mr. Murray's claims because there is no privity between Mr. Murray and the *Thorogood* case after decertification. Moreover, Murray's existing claims in the instant case are governed by the laws of California. Conversely, Thorogood's claims are governed under the laws of Tennessee or

Illinois. Thus, the legal rights that exist under Murray's existing claims in the instant case will not be resolved in the *Thorogood* case.

## II. Plaintiff's Proposed Discovery Plan

At this early stage of litigation, Plaintiff has not been able to conduct written or deposition discovery a) to obtain the full extent of the information and documents regarding the issues of Defendants' manufacture, marketing and sale of consumer dryer products represented as having a stainless steel drum that are in the exclusive possession of Defendants or the subject of another lawsuit, and/or b) that may produce other information and documents to support his claims and refute Defendants' defenses. Plaintiff will propound Requests for Production and Interrogatories to Defendants regarding 1) manufacture, marketing and sales of the subject products, 2) substantiation and extent of "stainless steel" disclosures for the products and omission of material facts related thereto, 3) Plaintiff's purchase, 4) sales volume, 5) consumer complaints for the products, 6) the business relationship between the Defendants. Plaintiff intends to seek follow up deposition testimony from Defendants to support Plaintiff's individual and class claims and refute Defendants' defenses in preparation for filing a motion for class certification and for trial. Plaintiff reserves the right to seek additional discovery in other areas that become relevant to this lawsuit, if necessary.

At this time, Plaintiff is able to state that 1) a motion for class certification is to be filed on or by September 15, 2010, 2) discovery should be completed by November 15, 2010, and 3) trial is to be set on or about February 15, 2011. Depending on the outcome of Plaintiff's Motion for Class Certification, these dates may need to be extended. Plaintiff anticipates that one or more discovery motions may be required to obtain substantive responses to written discovery which will extend the above-mentioned deadlines. Plaintiff has submitted to Defendants, by and through counsel a proposed Stipulated Protective Order to facilitate Defendants' discovery responses while preserving any confidential materials.

While Defendants argue that it is improper to address the merits at the class certification stage, pre-certification discovery is necessary to establish, inter alia, predominate issues of common fact regarding the full nature and extent of Defendants' alleged wrongful conduct

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- - 4 - -

RULE 26(f) REPORT
CASE NO. C-09-5744-CW

involving the Kenmore dryer purchased by Plaintiff Murray and other similar Kenmore dryer models advertised as having a purported "stainless steel" drum and purchased by the putative class members.

Plaintiff is unaware of or disagrees with Defendants' position regarding 1) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (Defendants have made no request for any share of expenses in retrieval), 2) any issues about claims of privilege or of protection as trial-preparation materials aside from the proposed Stipulated Protective Order, 3) what changes should be made in the limitations on discovery imposed under Rule 26 or by local rule, and what other limitations should be imposed, and 4) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c). In particular, Plaintiff objects to any stay of these proceedings or transfer of the case to another district because no other related case is pending before a district court and Plaintiff Murray's Consumer Legal Remedies Act and Unfair Competition Law claims have aspects that are unique to California and should be resolved in this district.

**DEFENDANTS' STATEMENT**

**I.    Relevant Background.**

Plaintiff Murray alleges that the Defendants violated "state consumer protection statutes" by identifying certain Kenmore brand clothes dryers as "stainless steel" when the stainless steel drums in the clothes dryers contain a part that is allegedly constructed of "a mild steel substrate." *See* Notice of Removal (Dkt.1), at Ex. A ("Murray Compl."), at ¶ 49. Murray alleges that he purchased his Electrolux-manufactured Kenmore clothes dryer from a Sears store in 2001 and first encountered a problem with rust stains in 2007. *Id*. at ¶¶ 35, 45. He alleges that he is a member of the class certified by the United States District Court for the Northern District of Illinois in *Thorogood v. Sears, Roebuck & Co.,* Case No. 06CV1999 (N.D. Ill.) and subsequently decertified by the United States Court of Appeals for the Seventh Circuit in *Thorogood v. Sears,*

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- - 5 - -
RULE 26(f) REPORT
CASE NO. C-09-5744-CW

*Roebuck & Co.,* Case No. 09-3005 (collectively "*Thorogood*"). *Id.* at ¶ 53. That case involves attempts by the same Plaintiff's counsel, Clint Krislov, to certify a class of consumers that subsumes the class that Murray seeks to certify in the present case. As in *Thorogood*, Sears disputes that it misrepresented the quality or characteristics of Kenmore brand clothes dryers and further disputes that this action is amenable to class treatment. Electrolux is alleged to have manufactured some or all of the dryers at issue in both cases. Sears and Electrolux reserve their respective rights to dispute and all factual allegations at issue.

Sears and Electrolux have informed Plaintiff that they will be filing a Motion to Stay in which they will seek to stay all proceedings in this case pending resolution of the pending appeal in *Thorogood*. As noted above, the instant action is nearly identical to the *Thorogood* case. In *Thorogood*, Clint Krislov, plaintiffs' counsel in both cases, seeks to certify a class of consumers, including California residents, who purchased the same Kenmore brand dryers at issue here. Murray has affirmatively alleged, and thereby admitted, in the Complaint in this case that he is a member of the proposed class in *Thorogood*. Murray Compl. ¶ 53.

The United States District Court for the Northern District of Illinois initially certified a class of Sears customers in 29 jurisdictions, including California. On appeal, the United States Court of Appeals decertified the *Thorogood* class dismissing the putative class as a "notably weak candidate for class treatment," and holding that Sears did not misrepresent the characteristics of the dryers and there were no common issues of law or fact among the class members. *See Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746-47 (7th Cir. 2008). The district court subsequently dismissed Thorogood's complaint and denied Thorogood's request to file a renewed motion for class certification. The dismissal and the denial of leave to file a renewed motion for class certification are currently on a second appeal to the Court of Appeals. The appeal has been fully briefed and is awaiting oral argument.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

- - 6 - -

RULE 26(f) REPORT
CASE NO. C-09-5744-CW

Defendants believe that the outcome of the appeal is likely to be determinative of Murray's attempts to certify a class in this case. If the Court of Appeals affirms the district court's denial of leave, Murray's class allegations will likely be barred by collateral estoppel. If the Court of Appeals reverses, there will be two pending federal lawsuits in which the same plaintiff counsel is attempting to certify overlapping classes, and transfer or other consolidation of the cases will need to be addressed. Defendants anticipate filing the Motion to Stay shortly.

## II.  Defendants' Proposed Discovery Plan

For the reasons summarized above, Defendants believe that no activity should proceed in this case presently. Defendants provide the following report, subject to and without prejudice to making the Motion to Stay, however, in the event the stay is denied or in the event the case moves forward after the expiration of the requested stay. The following information is provided with reference to each of the subsections of Rule 26(f)(3):

**(A). What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Defendants believe that the timing for disclosures under Rule 26(a) should be changed so that no disclosures should be required until an appropriate time after the appeal in the *Thorogood* case is resolved and this court has addressed the subsequent motion(s) of Defendants, including without limitation a dispositive motion as to class allegations based on collateral estoppel or any motion to transfer this case to the Northern District of Illinois. In accordance with the forthcoming Motion for Stay, Sears and Electrolux objected during the parties' Rule 26(f) conference that initial disclosures are not appropriate in this action, and reiterate the same objection in this proposed discovery plan pursuant to Rule 26(a)(1)(C).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- - 7 - -

RULE 26(f) REPORT
CASE NO. C-09-5744-CW

**(B).** **The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues**

If notwithstanding the foregoing and the forthcoming Motion to Stay, discovery commences in this action, Defendants state as follows.

Defendants believe that any discovery to be conducted in this case should occur in two phases in accordance with the Manual for Complex Litigation and binding and persuasive authority. *See*, *e.g*., Manual For Complex Litig., Fourth § 21.14; (discussing the appropriateness of bifurcation); *Staton v. Boeing Co*., 327 F.3d 938, 954 (9th Cir. 2003) (noting it is improper to address the merits at the class certification stage); *Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001) (observing that a district court "may limit … discovery to class certification issues); *Miletak v. Allstate Ins. Co.*, 2008 WL 4291548, at *1 (N.D. Cal. Sept. 18, 2008) (bifurcating class and merits discovery); *Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999) (same); *see also Chavez v. Petrissans*, 2008 WL 4177797, at *1 (E.D. Cal. Sept. 5, 2008) (same); *Hernandez v. Balakian*, 2007 WL 2580556, at *1 (E.D. Cal. Sept. 5, 2007) (same). Defendants propose that discovery be conducted in this manner, because the proper scope of discovery will differ dramatically depending upon whether a class is certified or not. *See*, *e.g*., *Zinser v. Accufix Research Institute, Inc*., 253 F.3d 1180, 1189 (9th Cir. 2001) (discussing the impact on a case of certifying versus not certifying a class).

The first phase of discovery should address the issue of class certification. See, e.g., Miletak, 2008 WL 4291548, at *1. To that end, Defendants expect Plaintiff to seek details regarding the advertising of the Kenmore dryers identified in the Complaint, documents concerning sales of such dryers, documents regarding the number of putative class members, and relevant customer complaints regarding alleged misrepresentations about the composition of the dryers' drums. Defendants will, in turn, seek information regarding Plaintiff's purchase and use of his dryer, repair and service records, communications with third parties regarding his dryer, evidence of damages allegedly suffered by Plaintiff and the experiences of absent members of the proposed class with regard to these same issues.

1  Defendants propose that this first phase of discovery proceed on the following schedule
2  once the *Thorogood* appeal and resulting motions are resolved:

3    1. Defendants propose that Plaintiff designate experts for purposes of class
4    certification on or before 120 days from the date of the initial Case Management
5    Conference before the Court and that Defendants designate experts for purposes of
6    class certification thirty days thereafter.

7    2. Defendants propose depositions for purposes of the class certification issue
8    be taken during the period of 90-120 days from the date of the initial Case
9    Management Conference.

10   3. Defendants propose that expert depositions for purposes of the class
11   certification issue be taken 120-150 days from the date of the initial Case
12   Management Conference.

13   4 Defendants propose the cut-off date for completing discovery on the class
14   certification issue be 180 days from the date of the initial Case Management
15   Conference.

16 Defendants propose that the parties reconvene for a second Rule 26(f) conference within
17 thirty days of the Court's entry of an order resolving the issue of class certification.  Defendants
18 further propose that the Court schedule a second Case Management Conference as soon as
19 practicable thereafter in order to determine:  (i) the appropriateness of a stay pending any Rule
20 23(f) appeal; (ii) a final fact discovery cut-off date; (iii) a final expert discovery cut-off date;
21 (iv) a final cut-off date for the amendment of pleadings; (v) a proposed final motions cut-off date;
22 (vi) a proposed date for a pre-trial conference; and (vii) a proposed date for trial.

23 In advance of such Case Management Conference, Defendants propose that the parties
24 prepare and present to the Court a joint supplemental Rule 26(f) Report addressing the
25 outstanding scheduling issues.  As noted, Defendants propose that discovery be taken in this
26 manner, because the case will differ dramatically depending upon whether the class is certified or
27 not.  See, e.g., Zinser, 253 F.3d at 1189. Accordingly, Defendants propose that the Court address
28 the class certification question as a threshold matter and as contemplated by Rule 23 before the

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

- - 9 - -

RULE 26(f) REPORT
CASE NO. C-09-5744-CW

1  parties propose a schedule for the rest of the case. See, e.g., id.

**(C). Any issues about disclosure or discovery or electronically stored information ("ESI"), including the form or forms in which it should be produced**

The parties have discussed issues relating to disclosure and discovery of electronically-stored information. Defendants have advised Plaintiff of the need for cost sharing to retrieve and process ESI and anticipate working out the sharing of costs on a case-by-case basis. See, e.g., Major Tours, Inc. v. Colorel, 2009 WL 3446761 (D. N.J. Oct. 20, 2009) (ordering cost sharing); Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1054 (S.D. Cal. 1999) (observing that a producing party should be protected against "undue burden and expense" when it comes to electronically-stored data). If any issues arise with respect to ESI, the parties will address them informally or – failing that -- by motion.

**(D). Any issues relating to claims of privilege or of protection as trial-preparation materials, etc.**

The parties are discussing entry of an agreed protective order to be entered in this case, and it is anticipated that the protective order will address issues of privilege. There are no other issues of which the parties are aware that require attention at this time.

**(E). What changes should be made in the limitations on discovery, etc.**

With the exception of the foregoing limitations for purposes of addressing the issues related to class certification set forth above, Defendants do not believe that any limitations on discovery need be made.

**(F). Any other orders that the court should issue under Rule 26(c) or Rule 16(b)**

As noted above, the parties are discussing the provisions of a protective order under Rule 26(c) and believe they will be submitting an agreed protective order in the near future. Defendants propose the schedule provided herein as the schedule for the Rule 16(b) Scheduling Order.

| | | |
|---|---|---|
| 1 | Dated: February 2, 2010 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
| 2 | | |
| 3 | | By: _____*/s/ Mark C. Dosker*_____ |
| 4 | | Mark C. Dosker |
| 5 | | Attorneys for Defendant<br>SEARS, ROEBUCK AND CO. |
| 6 | | |
| 7 | | |
| 8 | Dated:  February 2, 2010 | LATHAM & WATKINS LLP<br>Darius Ogloza |
| 9 | | Heather Thompson<br>505 Montgomery Street, Suite 2000 |
| 10 | | San Francisco, California 94111-6538<br>Telephone:  (415) 391-0600 |
| 11 | | Facsimile:  (415) 395-8095<br>darius.ogloza@lw.com |
| 12 | | LATHAM & WATKINS LLP |
| 13 | | Mark S. Mester *(Pro Hac Vice)*<br>Livia M. Kiser  *(Pro Hac Vice)* |
| 14 | | 233 South Wacker Drive, Suite 5800<br>Chicago, Illinois 60606 |
| 15 | | Telephone:  (312) 876-7700<br>Facsimile:  (312) 993-9767 |
| 16 | | mark.mester@lw.com<br>livia.kiser@lw.com |
| 17 | | |
| 18 | | By:_____*/s/ Mark S. Mester*_____<br>Mark S. Mester |
| 19 | | Attorneys for Defendant |
| 20 | | ELECTROLUX HOME PRODUCTS, INC. |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | Dated:  February 2, 2010 | LAW OFFICE OF MARK BOLING<br>Mark Boling (CA Bar #101589) |
| 25 | | 21986 Cayuga Lane<br>Lake Forest, CA 92630 |
| 26 | | Telephone: (949) 588-9222<br>Facsimile:  (949) 588-7078 |
| 27 | | maboling@earthlink.net |
| 28 | | |

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, California  94111

- - 11 - -

RULE 26(f) REPORT
CASE NO. C-09-5744-CW

| | |
|---|---|
| 1 | Clinton A. Krislov (*Pro Hac Vice*) |
| 2 | clint@krislovlaw.com |
|   | Amy E. Keller (*Pro Hac Vice*) |
| 3 | amy@krislovlaw.com |
|   | KRISLOV & ASSOCIATES LTD. |
| 4 | 20 N. Wacker, Ste. 1350 |
|   | Civic Opera House |
| 5 | Chicago, IL 60606 |
|   | Telephone: (312) 606-0500 |
| 6 | Facsimile:  (312) 606-0207 |

By:___/s/ *Mark A. Boling* _____
    Mark A. Boling
Attorneys for Plaintiff

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, California 94111

- - 12 - -

RULE 26(f) REPORT
CASE NO. C-09-5744-CW