Case 4:09-cv-05744-CW   Document 72   Filed 04/06/10   Page 1 of 7



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MURRAY, individually, on behalf of the General Public and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., a corporation; ELECTROLUX HOME PRODUCTS, INC., a corporation; DOES 1-100,<br><br>Defendants. | Case No.  09-05744 CW (MEJ)<br><br>**CLASS ACTION**<br><br>**REQUEST BY PLAINTIFF MURRAY TO MODIFY SECTION NO. 2 OF MAGISTRATE JUDGE JAMES' ORDER RE: MEET AND CONFER PROCEDURES (DKT. NO. 59) FOR ANY AND ALL DISCOVERY DISPUTES IN THIS ACTION.** |

**Meet and Confer Attestation**:  Pursuant to the Court's Order Re: Meet and Confer Procedure (Dkt. No. 59) and ¶ 3 of the Court's Standing Order for Discovery and Dispute Procedures, counsel for the interested parties hereby attest by their signature below that, prior to filing this joint letter, the parties met and conferred telephonically on March 8, 2010 for purposes of resolving the dispute.

### I.     UNRESOLVED DISPUTE AND FACTUAL BACKGROUND

On February 18, 2010, this Court issued an Order re: Meet and Confer Procedure (Dkt. #59) (the "Order") granting Plaintiff's request of the same date to modify Paragraph 3 of the Court's Standing Order Regarding Discovery and Dispute Procedures (the "Standing Order"), without Defendants having an opportunity to respond, to allow the parties to meet and confer via telephone.  Plaintiff seeks to modify section no. 2 of the Order, attached hereto as **Exhibit 1**.[1]

### II.    PLAINTIFF MURRAY'S POSITION

Additional deadlines should be set regarding the "meet and confer" letter to initiate proceedings, as the existing "meet and confer" procedures are partially uncertain, incomplete, or open-ended.  These modifications are consistent with Judge James' Order and will provide the most efficient means to present the Court with any discovery dispute in a timely manner.  Defendants' pending Motion to Stay submitted on March 18, 2010 should not delay a ruling on these issues because they are procedural in nature and do not cause Defendants to further act at this time.

Defendants seek to keep open the discovery dispute phase to delay prosecution of the litigation.  They have offered no compromise to Plaintiff's requested relief.  When deadlines have been imposed by the court, Defendants have filed their Answer to Complaint, resolved the time to file their initial disclosures and agreed upon a stipulated protective order regarding confidential materials.  Without specific deadlines these fundamental phases of the case would have been unnecessarily extended.  After deadlines were set, no delay in meeting those deadlines was cause because of the extended need of Defendant's counsel to consult with each other or their respective clients.  Defendants are well connected under a Common Interest Agreement and have already acted as one on several occasions.

Plaintiff seeks to modify section no. 2 of the Order by providing that for purposes of any existing or future discovery disputes:

**1)** within seven (7) calendar days of receipt by email transmission from the initiating party of a draft joint letter(s) addressing any remaining unresolved discovery disputes, the responding party(s) shall provide to the initiating party by email transmission their portion of such letter(s), as necessary;

**2)** within three (3) calendar days of receipt by email transmission from the responding party(s), the initiating party of a draft joint letter shall insert their reply portion to the responding party(s) contentions in such letter(s) and provide by email transmission the finalized joint letter to the responding party(s) for execution; and

**3)** the responding party(s) shall provide by email to the initiating party the fully executed joint letter by 5:00 p.m. on the next business day, which shall then be filed with the Court on the following business day.

---

[1] While mindful of the Court's order limiting the items that may be attached as exhibits to a "meet and confer" letter, Plaintiff's counsel believes that the two attached exhibits will aid the Court's convenience (Exhibit 1 – Order Re: Meet and Confer Procedure (Dkt. #59)) and provide context (Exhibit 2 – Plaintiff's Response to Objections to Requests for Production).

### A.     The Requested Deadlines are Needed to Timely Resolve Discovery Disputes.

Plaintiff believes that specific time requirements are needed for each phase of the "meet and confer" process, without which a party may delay the prosecution of the case.  Items 1-3 are necessary to set limits to timely resolve any discovery dispute.  Defendants have continually sought to delay the prosecution of this case by a) filing a removal to federal court, b) filing a Declination to Proceed Before a Magistrate Judge, c) filing a Motion to Extend Time to Respond to Class Action Complaint, d) filing a Motion to Stay the Case, e) objecting to provide Initial Disclosures, and f) objecting to all written discovery propounded by Plaintiff in this case.

Defendants also seek to delay the resolution of discovery disputes, claiming the need to consult multiple in-house counsel and other employees of Sears and Electrolux.  Defendants' claim that such consultation would be incredibly difficult to accomplish within seven calendar days to respond to a draft joint letter, or three days to provide additional support in the event that they initiate a joint letter is unjustified because the responding party is given ample time to prepare to discuss their objections for a meet and confer teleconference.

Defendants ignore that Judge James' Order (Dkt. #59) already sets an initial seven day deadline to respond to a joint letter.  Furthermore, Defendants have already had nearly two months to review Plaintiff's initial requests for production and interrogatories.  Finally, for any future disputes, Defendants will not only have the benefit of seven days to respond to an initial letter, but also the time *before* the initial telephonic "meet and confer," as well as any time *between* the "meet and confer" and the email submission of a draft joint letter to consult with their clients.

### B.     The Requested Modifications are Reasonable Because They Are Consistent with Prior Orders.

Item No. 1 of this request to modify the "meet and confer" procedures is reasonable because it is consistent with Judge James' existing procedure regarding the discovery dispute for Initial Disclosures and for a Protective Order, which <u>deadlines</u> were <u>required</u> to resolve the matters <u>after</u> having to initially file motions with the district judge.  Judge James requires Defendants to provide their portion of a draft joint letter to Plaintiff within seven calendar days of email receipt.  This request seeks to extend this requirement to all future and existing discovery disputes.

### C.     The Requested Modifications are Needed to Allow an Initiating Party to Respond Fully to the Responding Party's Opposition.

Item Nos. 2 and 3 are reasonable because they are consistent with the normal mechanism for providing due process under regular law and motion matters in both state and federal courts.  Just as moving parties are afforded the opportunity to reply to the legal or factual arguments that are made supporting any opposition to a motion for relief, the drafter of the joint letter should be afforded the same opportunity to respond to any additional arguments.

Item No. 2 is also necessary to allow an initiating party to present that party's contentions after the responding party makes any factual or legal arguments presented in their portion of the joint letter.  Although the parties attempt to resolve their disputes in a telephonic "meet and confer" conference, the initiating party is unable to respond fully until a responding party submits his opposing contentions and legal support in his portion of the draft joint letter.  Thus, an initiating party requires the opportunity to reply in the draft joint letter to the responding party(s) opposition, also set forth in the draft joint letter.

By way of example, prior to conducting a "meet and confer" telephonic conference regarding Defendants' objections to Plaintiff's Requests for Production of Documents and Interrogatories, Plaintiff drafted and emailed to each Defendant a detailed letter that set forth Plaintiff's initial contentions regarding each of the objections that were made by the Defendants to written discovery.  A true and correct copy of the letter sent to Defendant Sears is attached hereto as **Exhibit 2.**  The purpose of this detailed letter was to facilitate the "meet and confer" process by making Defendants aware, prior to the teleconference, of Plaintiff's factual and legal position regarding each of Defendant's objections to the disputed discovery requests.[2]  At the time of the telephonic "meet and confer," Defendants refused and continue to refuse to discuss in detail their objections to Plaintiff's propounded written discovery or Plaintiff's detailed letter on the grounds that discovery was premature.

Since Plaintiff and Defendants were not able to resolve their dispute in the "meet and confer," Plaintiff is to prepare his portion of a draft joint letter regarding the remaining discovery disputes under the current procedures without sufficient knowledge of Defendants' contentions and legal support for all objections to the subject discovery. Without the favor of receiving to review and analyze Defendants' contentions to be subsequently set forth in the draft joint letter, Defendants have rendered Plaintiff unable to present fully his position with respect to the discovery disputes. Providing an initiating party the opportunity to reply to the responding party's portion of the draft joint letter is an efficient means to fully and fairly present the discovery disputes to the Court in this case.

## III.    DEFENDANTS' POSITION

There is no need to impose additional deadlines on the parties.  Defendants specifically object to the arbitrary and short deadlines Plaintiff requests.  These deadlines contradict the spirit and purpose of the meet and confer requirement, which envisions flexibility and cooperation to minimize the number of discovery disputes brought to Court.  Plaintiff's requested deadlines would prejudice Defendants, who not only must consult with one another in preparing joint letters, but also must consult with their respective clients.  The Order at Dkt. 59 was entered without Defendants being allowed to respond to Plaintiff's request for it.  Even so, that Order sets no deadline for the responsive half of a joint letter except on the two previous motions Plaintiff precipitously filed before assignment to this Court for discovery purposes.  Plaintiff continues to overreach by asserting otherwise.  Also, Plaintiff ignores the fact that the parties have successfully resolved <u>two</u> discovery disputes using the current Order's procedures that they would not have been able to resolve if the Court were to impose the unreasonable deadlines Plaintiff now requests.  Lastly, one or both of two pending motions may moot Plaintiff's request.

### A.    Plaintiff's Request Is Unfounded, And In Any Event, Premature At Best.

If this is a topic which the Court wishes to entertain via this process, even though it is not itself a

---

[2] Plaintiff presumed that, since Defendants' objections to discovery are set forth in written responses, which are signed in accordance with Fed. R. Civ. P. 11(a) ("are warranted by existing law" or constitute "nonfrivolous arguments"), that Defendants were already, or will be, fully prepared to engage in a meaningful discussion of the legal points and authorities for Defendants' objections and Plaintiff's aforementioned contentions at the "meet and confer" teleconference.

discovery dispute, Plaintiff's request is unnecessary, counterproductive and at best premature. Plaintiff contends that specific deadlines are purportedly necessary to prevent a party from delaying the case. Plaintiff, however, does not and cannot identify any discovery disputes that have not been timely resolved as a result of there being no specific time requirements for the preparation of joint letters. Plaintiffs have requested no fewer than five (5) meet and confer sessions in as many weeks, and the parties have worked cooperatively in good faith to resolve the discovery disputes that have arisen to date. For example, the parties resolved all issues involving Plaintiff's previous motion for entry of a confidentiality protective order (Dkt. 52): Plaintiff recently filed (and Judge James signed) one stipulated to by the parties (Dkt. 66). The discussion on this issue – which took place over a period of several weeks – was productive and resulted in the parties coming to agreement without Court intervention. If the parties had been required then to follow the process Plaintiff proposes now, they certainly would have wound up petitioning the Court instead of resolving the dispute amongst themselves. Similarly, through a series of discussions the parties successfully resolved without Court involvement their dispute about the timing for initial disclosures. In this case, Defendants cannot possibly "agree" to the counter-productive deadlines that Plaintiff requests. Plaintiff's request regarding the schedule for submission of joint letters is not only unnecessary but unworkable. Plaintiff's sole justification for trying to change the Court's Order is his unfounded accusation that Defendants have engaged in delay tactics.[3] As detailed in Defendants' Reply In Support Of Motion To Stay Proceedings (Dkt. 61) and the Declaration in support thereof (Dkt. 62), Plaintiff's contention is false. Defendants have diligently participated in this action. For example, the parties held a Rule 26(f) conference nearly four months before the initial Case Management Conference the Court set for May 4, 2010. See Dosker Decl. (Dkt. 62) ¶2. During that Rule 26(f) conference, Defendants told Plaintiff that they intended to seek a stay in view of Thorogood v. Sears, Roebuck & Co.[4] and offered steps to minimize a stay's effect – which Plaintiff declined. Id.

### B. Rigid Deadlines On Joint Letters Will Hurt The Meet And Confer Process.

Plaintiff's request contravenes the goals of the meet and confer process and smacks of gamesmanship. The meet and confer process is intended to encourage parties to communicate and cooperate in discovery and resolve their disputes amicably without burdening the Court with each and every little disagreement. See 7 James Wm. Moore, et al., Moore's Federal Practice, § 37.05[2] (Matthew Bender 3d ed.). This Court's requirement that the parties mutually develop and submit a joint letter allows the parties a further opportunity to resolve their disagreements

---

[3] Plaintiff's mischaracterization of Defendants' exercise of rights conferred on them by Congress to, inter alia, remove the case to federal court and proceed before a district judge as "delay tactics" underscores the lack of basis for Plaintiff's arguments. And Plaintiff's use of exhibits here flatly disregards this Court's Standing Order, even though Defendants' counsel expressly cautioned Plaintiff's counsel to obey it.

[4] Defendants' motion to stay is fully briefed and pending before Judge Willken, and Sears has filed a motion in the Northern District of Illinois for a permanent injunction prohibiting members of the decertified *Thorogood* class (including Plaintiff Murray here), and class counsel (including Murray's counsel herein) from seeking to certify a class here based on the similar allegations in this case. (Dkt. 63). Plaintiff's request to change this Court's Order governing discovery disputes (itself a modification of this Court's Standing Order) seeks to accelerate prospective discovery disputes – though Plaintiff identifies none – that are currently premature and may soon be moot in view of the motion to stay and/or motion for permanent injunction.

and present to the Court only those limited issues that the parties are truly unable to resolve. The creation of the joint letter should be an iterative process that allows the parties to narrow and refine their disagreement during the drafting of the letter so that the issue presented to the Court is as limited as possible.  Just as parties may meet and confer several times before they are able to fully resolve a discovery issue (as the parties did in this case on the confidentiality protective order and timing for initial disclosures), the development of a joint letter by the parties may take longer than the timeframe Plaintiff has requested.  As even Plaintiff acknowledges, each party may wish to refine its portion of the joint letter after reviewing the other party's most recent position.  A *joint* letter must allow each side to address all that the other side has said – and not have one side putting in the last changes without allowing the other side to make its own further changes in response.  Otherwise, the submission is not *joint* and the Court could be misled into thinking that one side has not fully responded to the other side's position.  Also, the portion of the letter detailing the factual background and the unresolved dispute should be agreed to by all parties, which may require more discussion that Plaintiff's requested schedule allows.  An iterative process increases the likelihood that the parties might resolve or at least narrow their dispute during the development of a joint letter.  Plaintiff's arbitrary, artificial deadline-driven request would eliminate the flexibility of the meet and confer process and would in fact work to the detriment of informally resolving disputes.

Plaintiff's request will increase the number of disputes that must be resolved by the Court.  For example, may the parties informally agree to extend the deadlines or would they have to request an extension from the Court?  Given the unrealistic time frame Plaintiff has requested – and particularly given that Plaintiff's requested schedule contemplates <u>calendar</u> days rather than <u>business</u> days – it is extremely likely that deadlines would need to be extended for anything more than a very simple issue, or when a deadline falls over a holiday (which is also quite likely to occur), or due to vacations, etc.  Further, even if the parties agree they may informally extend the deadlines, if one party requests an extension but the other declines to agree to the request, is <u>that</u> dispute then subject to the meet and confer process, ultimately resulting in yet another joint letter or motion to the Court?  The goal is to <u>minimize</u> disputes the Court must adjudicate. It is ill-advised to both stifle the parties' ability to informally resolve or narrow disputes and to increase the number of disputes for the Court.  Plaintiff's request would do both.

### C. The Rigid Deadlines Plaintiff Requests Would Prejudice Defendants.

Finally, Plaintiff's requested schedule is unrealistic and would prejudice Defendants.  Plaintiff simply ignores that there are <u>two</u> unrelated corporate Defendants who in many instances must work together to submit their portion of a joint letter, and that also must consult with relevant person(s) in each of the companies.  Both Defendants are large corporations, with in-house counsel as well as business people to be consulted in any given instance.  Plaintiff's request would in some instances leave Defendants with not even a full business day to coordinate with each other and their respective clients.  This is entirely unfair, untenable and would severely prejudice Defendants' ability to fully respond to discovery disputes and participate in the process contemplated by the Court.  Imposing the counter-productive and artificial short deadlines that Plaintiff requests will not support informal resolutions as contemplated by the Court's Standing Order, is unwarranted, and will be unduly prejudicial.  Accordingly, Defendants respectfully ask this Court to deny Plaintiff's request.

Modify M&C Procedures   5<br>Case No. C-09-5744-CW

Respectfully submitted,

   /s/ Amy E. Keller_____
*One of the Attorneys for Plaintiff Murray*

Law Office of Mark Boling
Mark Boling
21986 Cayuga Lane
Lake Forest, CA 92630

Clinton A. Krislov
Amy E. Keller
Krislov & Associates Ltd.
20 N. Wacker, Ste. 1350
Civic Opera House
Chicago, IL 60606

Respectfully submitted,

   /s/ Mark C. Dosker_____
*One of the Attorneys for Defendant*
*Sears, Roebuck and Co.*

Mark C. Dosker
Julie E. Schwartz
Squire Sanders & Dempsey LLP
One Maritime Plaza, Third Floor
San Francisco, CA 94111

Phillip M. Oliss
Squire Sanders & Dempsey LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44144

Respectfully submitted,

   /s/ Livia M. Kiser_____
*One of the Attorneys for Defendant*
*Electrolux Home Products, Inc.*

Darius Ogloza
Heather Thompson
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538

Mark S. Mester
Livia M. Kiser
Latham & Watkins LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606

Modify M&C Procedures
Case No. C-09-5744-CW