# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MURRAY, individually, on behalf of the General Public and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., a corporation; ELECTROLUX HOME PRODUCTS, INC., a corporation; DOES 1-100,<br><br>Defendants. | Case No.  09-05744 CW (MEJ)<br>CLASS ACTION<br><br>**JOINT DISCOVERY DISPUTE LETTER SUBMISSION REGARDING PLAINTIFF MURRAY'S REQUEST FOR AN ORDER TO COMPEL DEFENDANT SEARS, ROEBUCK AND CO. TO PROVIDE SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE,  AND SEARS' OPPOSITION TO SAME** |

**Meet and Confer Attestation**:  Pursuant to the Court's Order Re: Meet and Confer Procedure (Dkt. #59) and ¶ 3 of the Court's Standing Order Re: Discovery and Discovery Disputes, counsel for the interested parties hereby attest by their signature below that prior to filing the joint letter the parties met and conferred telephonically on March 2, 2010 for purposes of resolving the discovery in dispute.

Unresolved Dispute:  On February 22, 2010, Defendant Sears, Roebuck and Co. served objections to Plaintiff's Interrogatory, Set No. One (Nos. 1-20) propounded by Plaintiff Murray ("discovery dispute").  Plaintiff seeks to compel Defendant Sears to provide supplemental responses to each of the discovery requests in the subject discovery dispute.  The Interrogatories, Set No. One (Nos. 1-20) and Defendant's Responses/Objections thereto are attached hereto as Exhibits 1-2.  These documents set forth the subject discovery dispute.

/ / / /
/ / / /

## I.   PLAINTIFF MURRAY'S POSITION

Per the Court's Orders [Dkt Nos. 52, 71] limiting joint letter briefs to 5 pages, Plaintiff is unable to fully set forth his positions to adequately argue the 29 general objections made by Defendant to the comprehensive subject discovery.   Therefore, Plaintiff requests that the Court also consider, for purposes of ruling on this discovery dispute, the joint letter that corresponds to RFP, Set No. One, or in the alternative, to allow oral argument on this discovery dispute to more fully present Plaintiff's position to the Court or expand the page limit to present all arguments.

Plaintiff requests that any objections sustained based on the timing of the discovery request before class certification or a ruling on the motion to stay be made without prejudice.

### A.   *Expounded Facts of the Meet and Confer Process*.

On February 24, 2010, Plaintiff drafted and emailed to Sears a detailed letter that set forth Plaintiff's initial contentions regarding each of the objections that were made by Sears to written discovery (**Exhibit 3).**   This detailed letter was to facilitate the "meet and confer" process to be held on March 2, 2010 by making Sears aware, prior to the teleconference, of Plaintiff's position regarding each of Sears' objections to the disputed discovery requests.   On March 2, 2010, Defendant refused to discuss in detail their objections to Plaintiff's propounded written discovery or Plaintiff's detailed letter on the sole grounds that discovery was premature.   At the time of the 3/2/10 teleconference, the parties had previously conducted the Rule 26(f) conference and no court order existed to limit discovery or stay the action.

### B.   *Significant Objections to the Subject Discovery Dispute*

**Relevancy:**   [Interrog Nos. 3, 9, 15, 17-20] Relevancy in discovery is to be construed liberally.   *U.S. v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642 (N.D. Cal. June 18, 2009). The scope of permissible discovery is broad and encompasses those inquires reasonably calculated to lead to the discovery of admissible evidence.   *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

When discovery sought appears relevant, the **party resisting discovery** (in this instance, Sears) **bears the burden** of establishing lack of relevancy by demonstrating that the requested discovery either does not come within the **broad** scope of relevancy or is of such marginal relevance that potential harm occasioned by discovery would outweigh ordinary presumption in favor of broad disclosure.   *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).   And boilerplate objections, like the ones Sears gives here, are inappropriate.   *See, e.g., v. Felker*, No. CIV S-07-2060, 2010 WL 582138, *2 (E.D. Cal. Feb. 11, 2010).

The discovery sought here bears on the necessary and relevant issues of this case, including Defendants' violation of the CLRA and UCL, as well as claims of unjust enrichment and breach of contract.   *Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1154 (1997) (the CLRA was established as a remedy for unfair or deceptive practices undertaken in a transaction intended to result in the sale of goods or services to any consumer); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 564 (1995) (in proving an unfair business practice violation, claimants are entitled to introduce evidence of not only practices which affect them individually, but also similar practices involving other members of the public who are not parties to the action); *Experian Information Sol'ns, Inc. v. Superior Court*, 138 Cal. App. 4th 122 (2006) (corporation's course of wrongful conduct may lead to discoverable evidence to support punitive damages); *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1207-08 (2005) ("California law has long endorsed the use of punitive damages to deter continuation or imitation of a corporation's

course of wrongful conduct, and hence allowed consideration of that conduct's scale and profitability in determining the size of award that will vindicate the state's legitimate interests.").

Defendants' Motion to Stay in the instant case or Motion for Permanent Injunction in the *Thorogood* case involves class claims and does not seek to preclude Plaintiff from prosecuting his individual claims. The discovery is relevant to Plaintiff's individual claims. See Plaintiff's position regarding "Overly Broad, Unduly Burdensome & Undue Expense" objections, in Joint Letter re: Sears Requests for Production, Set No. One and bifurcation section, *infra*.

The requested information in Interrogatory Nos. 17-20 seeks the identity of percipient witnesses involved in Steve Thorogood's similar claims. This information is reasonably calculated to lead to the discovery of admissible evidence of 1) Defendant's prior knowledge of the subject unfair business practices, 2) the uniformity of the subject unfair business practices, and 3) the subject unfair business practices as a violation involving other members of the public who are not parties to the action as allowed in the *Cisneros* case, *supra*.

**Vague/Ambiguous:** [Interrog Nos. 1-3, 8, 9, 11, 16] Defendant has failed to specifically set forth in its written objections or at the meet and confer teleconference the details that a discovery request is vague or ambiguous and/or incapable of reasonable ascertainment. Each word set forth in capitals has a specifically defined meaning in each discovery device and each lower case word therein has its common English definition. For purposes of this discovery, the use of the word "drum" in the context of Kenmore dryers means the interior portion of the dryer unit that rotates when the dryer is in use. (*See*, *e.g.*, Kenmore Dryer Use & Care Guide, Model No. 417.____[Murray 0014-0018.") .

With respect to the difference between Interrog Nos. 6 and 11, the use of the word "reason" seeks the motive and the use of the word "justification" seeks the basis for the Kenmore laundry dryer, model 417.91052000 having the words "stainless steel" printed on the exterior portion of the dryer. Each request presents a different inquiry.

**Premature:** [Interrog Nos. 1-16] Although Defendants' motion to stay is pending (due to Sears' filing of a motion for permanent injunction in N.D. Ill. to enjoin all future state-wide classes against Sears), Sears' Motion for Permanent Injunction in the *Thorogood* case is without merit. *See* Plaintiff's Opposition to Defendants' Supplemental Notice of Pendency of Other Action or Proceeding Pursuant to Civil LR 3-13, related to Motion to Stay Proceedings [**Dkt #64**]. None of Mr. Murray's claims were adjudicated on the merits in the *Thorogood* case, nor does he seek to certify the same 29-jurisdiction class from the *Thorogood* case. This action has not been stayed nor has any issue or claim preclusion been determined by this Court.

**Bifurcation:** [Interrog Nos. 1-16] Plaintiff's discovery seeks to simultaneously pursue information regarding his individual claims and information to establish the requirements of numerosity and predominant issues of common fact necessary for class claims. Discovery can be relevant to both class certification and the merits. *Yingling v. eBay, Inc.*, No. C 09-01733 JW (PVT), 2010 WL 373868, at *4 (N.D. Cal. 2010) (discovery sought relevant to commonality and predominance may also be relevant to merits); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) (discovery relating to class certification is closely enmeshed with merits discovery). Regardless of the outcome of class certification, eventually Plaintiff is entitled to this discovery to prosecute his individual claims. Why not now? See also Plaintiff's position regarding "Relevancy" objection, *supra*.

**Duplicative/Equally Available/In Plaintiff's Possession: [**Interrog. No. 15] Information and documents equally available to propounding party is not a valid objection. *See St. Paul Reinsurance Co. v. Commercial Financial* (N.D. Iowa 2000) 198 F.R.D. 508, 514 (courts have

unambiguously found that this objection in insufficient to resist a discovery request).  With respect to information/documentation that is purportedly already in Plaintiff's possession, Defendant fails to identify such information or documentation to enable Plaintiff to respond.

With respect to the difference between Interrog Nos. 6 and 15, Interrog No. 6 relates to the reason for having the words "stainless steel" marked on the exterior of the Kenmore laundry dryer, model 417.91052000 and Interrog No. 15 seeks the justification for installing a stainless steel drum in the product.  Each request presents a different inquiry.

**Outside Class Period:**  [Interrog Nos. 1-12, 15, 16] Discovery requests seeking information/documentation prior to Plaintiff's purchase to the present are relevant and necessary to determine the nature and extent of Defendants' business practices for Plaintiff's individual and class claims.  *In re Sulfuric Acid Antitrust Litigation* (N.D. Ill 2005) 231 F.R.D. 351, 357-58 (statute of limitations not a basis for barring discovery if information is relevant).  Discovery in the *Thorogood* case establishes that the business practice involving the "stainless steel" dryer drum was commenced in 1996.  In the instant case, discovery from 1996 forward is necessary to establish the beginning and full extent of Defendants' scheme to dupe the public and the putative class members regarding the purported "stainless steel" dryer drum that continued for years, including the class period.  Defendant cannot limit discovery to the class period to hide the creation of their wrongdoing.  See also Plaintiff's position regarding "Relevancy" objection, in Joint Letter re: Sears' Interrogatories, Set No. One.

**Other Objections:**  *See* Joint Letter re: Sears' Requests for Production, Set No. One for Plaintiff's position re:  **Overly Broad/Unduly Burdensome:** [Interrog. Nos. 1-16].  A protective order re: Confidential Materials exist in this case [Dkt # 66.]

## II.    DEFENDANT SEARS, ROEBUCK AND CO.'S POSITION

The discovery disputes that Plaintiff identifies are not ripe for decision, due to overarching matters presently under submission for decision by two District Judges.  Before Judge Wilken of the Northern District of California is Defendants' motion to stay this case in view of decisions by the Seventh Circuit and the District Court in the nearly identical case *Thorogood v. Sears, Roebuck and Co.* in the Northern District of Illinois.[1]  *See* Dkt. 44. Decisions in *Thorogood* by the United States Court of Appeals have the effect of barring Plaintiff Murray and his counsel from re-litigating in this case the class issues he lost in *Thorogood*. Additionally, before Judge Leinenweber of the Northern District of Illinois is a motion to permanently enjoin Plaintiff and his counsel from seeking to re-litigate the same issue here.  *See* Dkt. 63 (attaching the motion for permanent injunction).  Both motions have been fully briefed, and are under submission.

Moreover, and irrespective of the disposition of the pending motions, the parties require guidance from Judge Wilken as to the proper scope of discovery prior to any decision on class certification in any event.  *See* Dkt. 68, p.2-3 (confirming that the Defendants intend to ask Judge Wilken to bifurcate discovery at the initial Case Management Conference)("CMC").  Defendants believe that the appropriate approach to discovery, to the extent (if any) it will not be stayed or enjoined, is for the parties to focus their initial discovery efforts on the issue of whether class certification is appropriate and to then undertake any necessary remaining discovery once the

---

[1] As admitted in his Complaint, Plaintiff is a member of the failed class in *Thorogood*.  Dkt. 1 at Ex. A, ¶53 ("Between November 1, 2007 and October 28, 2008, Murray was a class member of the certified class in the Thorogood case.").  Counsel for the unsuccessful class in Thorogood is Mr. Clint Krislov, who is lead counsel for Plaintiff in this case.

Court has ruled on the class issue.  *See* Dkt. 41, p.8 (citing cases and authorities).  Plaintiff, however, disagrees.  *See id.* p. 4-5.  Defendants anticipate that this important issue will be addressed at the initial CMC on May 11, 2010 before Judge Wilken.

 The parties should meet and confer regarding discovery disputes, if any remain, once these overarching matters are decided.  Alternately, however, if this Court nevertheless chooses to consider these disputes now, Sears responds to Plaintiff's contentions below.  *See* Section B.

## A.  *The Meet and Confer Process and Why Ruling Presently Would Be Premature.*

 In light of the matters pending before the District Judges, Sears requested an extension of time to respond to Plaintiff's discovery requests, which Plaintiff refused.  Therefore, and as required in order to preserve their objections, Sears timely served Plaintiff with responses to his discovery requests.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  Plaintiff's counsel then requested a meet and confer session relating to Sears' responses, which took place on March 2, 2010.  During the session, Sears explained its position that discussing in detail each of Sears' individual objections would not be productive or efficient because the ultimate individual responses to Plaintiff's discovery requests would differ greatly depending on the resolution of those motions.  Moreover, Sears reminded Plaintiff that Defendants are asking Judge Wilken to bifurcate discovery at the May 11, 2010 CMC.  Sears thus identified several threshold issues that must be resolved before the parties can engage in a detailed discussion regarding the specific objections.[2]  Still, Plaintiff has insisted on presenting discovery dispute letters to the Court, even before the initial CMC.[3]

## B.  *Significant Objections in the Subject Discovery Dispute*

 **Relevancy:**  [Interrog Nos. 3, 9, 15, 17-20] Discovery of information with no bearing on a case is not allowed.  *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).  When the relevancy of discovery is not apparent, **the proponent** bears the burden of establishing the relevance of information requested.  *See Williams v. Board of County Comm'rs*, 192 F.R.D. 698, 703 (D. Kan. 2000).  Interrogatory Nos. 17-20 request information about Steve Thorogood, plaintiff in the failed *Thorogood* putative class action discussed above, the rulings in which bind Murray as an admitted member of the *Thorogood* class and preclude class claims here.

 But even if these proceedings are not stayed or enjoined per the pending motions before the two District Judges, only discovery concerning class certification is relevant at this juncture.  *See* Dkt No.41; *see also* Manual For Complex Litigation, Fourth § 21.14; (discussing the appropriateness of bifurcation); *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (noting it is improper to address the merits at the class certification stage); *Armstrong v. Davis*, 275 F.3d

---

[2] Defendants also, however, made clear that they are willing to immediately resume discussions if Judge Wilken ruled on the pending stay motion, even though "[u]nder normal circumstances, a Rule 16(b) scheduling conference triggers commencement of formal discovery," and per Judge Wilken's Order the parties' scheduling conference will not be held until May 11, 2010.  *Karimy v. Assoc. Gen'l Contractors*, 2009 WL 3698397, *2 (S. D. Cal. Nov. 5, 2009).

[3] Plaintiff has repeatedly attempted to evade court-ordered page limits and continues to do so here.  The Court ordered Plaintiff to submit one joint 5-page letter for each discovery dispute.  Dkt. 71. Plaintiff again sought to extend the 5-page limit for each one.  Dkt. 74.  The Court denied Plaintiff's motion.  Dkt. 79.  Now Plaintiff insists on attaching his lengthy 17-page "meet and confer" letter as an exhibit, replete with detailed responses to Sears' objections, even while acknowledging that it violates this Court's standing order.  *See* Section IA.  Sears objects to Plaintiff's flagrant disobedience of the Court's orders.

849, 872 n. 28 (9th Cir. 2001) (observing that a district court "may limit … discovery to class certification issues").)  Discovery beyond issues of class certification would be of such marginal relevance that the potential harm -- undue burden and expense -- outweighs any argument in favor of disclosure.  *See Williams*, 192 F.R.D. 550 at 703.  Interrogatory Nos. 3, 9 and 15 do not appear to focus on class certification.  Plaintiff generally requests information about the products disclosed as having a "stainless steel" drum; the reasons why the words "stainless steel" are printed on a particular exterior part of a dryer; and the justification for having a "stainless steel" drum in dryer model 417.91052000.  To the extent these are merits-based inquiries, they are presently irrelevant.[4]  But again, the time to resolve what should be responded to in discovery is after the two District Judges act on the motions presently under submission to them.

**Vague/Ambiguous:** [Interrog Nos. 1-3, 8, 9, 11, 16] Vague and/or ambiguous discovery is properly objectionable.  *Moda v. Priceline.Com, Inc.*, 2008 U.S. Dist. LEXIS 83099, at *10 (C.D. Cal. Sept. 29, 2008).  Plaintiff asks Sears to respond to a variety of inquiries concerning, for example, types of steel, parts of washing machines, sales to consumers and Sears retail stores.  Plaintiff does not, however, define or clarify any of these terms.  As such, Sears requires clarification before it can effectively respond.

**Premature:** [Interrog Nos. 1-16] Plaintiff claims that discovery is not premature because the District Judges have not ruled on the motions summarized above, but he misses the point.  Again, discovery is premature because the resolution of these motions -- either way -- will define the parties' discovery needs, if any.  Thus, at minimum, discovery in this action should be stayed pending the outcome of the motions.  Exhibit 2 at ¶ 1(d).

**Bifurcation:** [Interrog Nos. 1-16]  Plaintiff's interrogatories do not concern class certification issues.  Some of Plaintiff's interrogatories concern the merits of his claim alone.  Others inquire into Sears' reasoning and justification for its alleged actions.  These interrogatories have little or no bearing on the factors necessary for class certification.

**Duplicative/Equally Available/In Plaintiff's Possession: [**Interrog. No. 15] Interrogatory No. 15 is cumulative and duplicative of Interrogatory No. 6.  Interrogatory No. 15 requests the justification for why a "stainless steel" drum is installed in dryer 417.91052000, and Interrogatory No. 6 requests the reasons why "stainless steel" is printed on the exterior of dryer 417.91052000.  Both interrogatories inquire about the perceived benefit of a stainless steel drum with respect to dryer 417.91052000.  Sears need not respond to "repetitious, redundant and tautological" interrogatories.  *Payer etc.  v. Bellanca Corp.*, 26 F.R.D. 219, 222 (D. Del. 1960).

**Outside Class Period:** [Interrog Nos. 1-12, 15, 16] Discovery may only predate a statute of limitations for a **reasonable** period of time.  *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982).  Any discovery presently should concern class certification and thus should be limited to the Class Period itself.

**Conclusion:**  This Court should deny Plaintiff's present requests, pending the decisions by the two District Judges on the stay motion and the injunction motion which are presently under submission.  Thereafter, the parties' counsel should meet and confer further to resolve any remaining disputes over the discovery discussed above, adhering to the proper scope of this case based on the District Judges' forthcoming rulings on those two motions.

---

[4] Plaintiff argues that since Sears' pending motions do not seek to bar his individual claim, he should get discovery now on his individual claim's merits.  For now, that is beside the point.  Plaintiff brought a putative class action.  For now, the scope of discovery should be that which is relevant to class certification -- and whether that should proceed will depend on the outcome of the pending motions.

Respectfully submitted,

__/s/ Mark Boling_____
*One of the Attorneys for Plaintiff Murray*

Mark Boling
Law Office of Mark Boling
21986 Cayuga Lane
Lake Forest, CA 92630


Clinton A. Krislov (*Pro Hac Vice*)
Amy E. Keller (*Pro Hac Vice*)
Krislov & Associates Ltd.
20 N. Wacker, Ste. 1350
Civic Opera House
Chicago, IL 60606

Respectfully submitted,

__/s/ Mark C. Dosker_____
*One of the Attorneys for Defendant*
*Sears, Roebuck and Co.*

Mark C. Dosker
Julie E. Schwartz
Squire, Sanders & Dempsey LLP
One Maritime Plaza, Suite 300
San Francisco, CA 94111


Philip M. Oliss (*Pro Hac Vice*)
4900 Key Tower
127 Public Square
Cleveland, OH 44114

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark Boling, am the ECF User whose ID and password were used to file the attached document. In compliance with General Order 45, X.B., I hereby attest that Mark C. Dosker concurred in that filing.

Dated on May 7, 2010.  Respectfully submitted,

By:  ___/s/ Mark Boling_____
MARK BOLING
Attorney for Plaintiff

EXHIBIT 1

Law Office of Mark Boling
Mark Boling, State Bar No. 101589
maboling@earthlink.net
21986 Cayuga Lane
Lake Forest, CA 92630
(949) 588-9222
(949) 588-7078 [fax]

Clinton A. Krislov / Amy E. Keller
(Pro Hac Vice filed)
clint@krislov.com / amy@krislovlaw.com
KRISLOV & ASSOCIATES, LTD.
20 N. Wacker, Ste. 1350
Civic Opera House
Chicago, Illinois 60606
(312) 606-0500
(312) 606-0207 [fax]

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARTIN MURRAY, individually, on behalf of the General Public and on behalf of all others similarly situated<br><br>Plaintiff(s),<br><br>v.<br><br>SEARS, ROEBUCK AND CO., a corporation; ELECTROLUX HOME PRODUCTS, INC., a corporation; DOES 1-100<br><br>Defendants. | Case No. C-09-5744-CW<br>Date Action Removed: 12/7/09 – CLASS ACTION<br><br>PLAINTIFF MARTIN MURRAY'S FIRST SET OF INTERROGATORIES PROPOUNDED ON DEFENDANT SEARS, ROEBUCK AND CO. |

PROPOUNDING PARTY:   PLAINTIFF MARTIN MURRAY

RESPONDING PARTY:   DEFENDANT SEARS, ROEBUCK AND CO.

SET NO.:   One (1)

TO DEFENDANT SEARS, ROEBUCK AND CO. AND ITS ATTORNEYS OF RECORD:

The following are Interrogatories propounded by Plaintiff MARTIN MURRAY to Defendant SEARS, ROEBUCK AND CO. in the above-entitled action.  These Interrogatories are to be answered under oath within 30 days pursuant to *Rule 33 of the Federal Rules of Civil Procedure.*

## I. **DEFINITIONS**

Words in CAPITALS in this discovery device are defined as follows:

a)      "YOU" and "YOUR" refers to the Responding Party and any of YOUR agents, servants, employees, subsidiaries, divisions or anyone else acting on YOUR behalf.

b)      "ADDRESS" means the street address, including the city, state, and zip code.

c)      "PERSON" or "PERSONS" includes natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, public entity or any other legal entity.

d)      When used in reference to a natural person, "IDENTIFY' shall mean to state such person's full name and present or last known business and residential ADDRESS and telephone number, the person's present or last known position or business affiliation, and each of the person's employment positions or business affiliations.

e)      When used in reference to any person other than a natural person, "IDENTIFY" means to state its full name, its form of organization (e.g. corporation, partnership), present or last known ADDRESS and telephone number of its principal place of business or office, the name, ADDRESS and telephone number of each of the agents who acted for it with respect to the matters involved, and its relationship, if any, to any party in this action.

f)      PRODUCT" or "PRODUCTS" refers to Kenmore-brand laundry dryer model numbers: 417.69042990,   417.69052990,   417.79042990,   417.79052990,   417.80042990,   417.80052990, 417.80142000,   417.81042000,   417.81052000,   417.81142000,   417.82042100,   417.82052100, 417.82142100,   417.83042200,   417.83042201,   417.83042300,   417.83052200,   417.83052201, 417.83052201,   417.83142200,   417.83142201,   417.83142300,   417.84072300,   417.84082500, 417.84092500,   417.90042990,   417.90052990,   417.90142000,   417.91042000,   417.91052000, 417.91142000,   417.92042100,   417.92052100,   417.92142100,   417.93042200,   417.93042202,

417.93042203,   417.93042300,   417.93052200,   417.93052201,   417.93052202,   417.93052203,
417.93142200,   417.93142201,   417.93142202,   417.93142203,   417.93142300,   417.94072300,
417.94072301,   417.94082500, and/or 417.94092500.

## II. __INTERROGATORIES__

__Interrog. No. 1.__      State the model number for each PRODUCT that was sold by YOU to consumers in the state of California at anytime during the period from March 17, 2003 to the present.

__Interrog. No. 2.__      State the model number for each PRODUCT that had a drum partially composed of a mild steel at anytime during the period from March 17, 2003 to the present.

__Interrog. No. 3.__      State the model number for each PRODUCT that was disclosed by YOU in California as having a "stainless steel" drum at anytime during the period from March 17, 2003 to the present.

__Interrog. No. 4.__      State the model number for each PRODUCT that had "stainless steel" printed on the exterior portion of the dryer.

__Interrog. No. 5.__      State the locations on the exterior portion of the dryer where the words "stainless steel" was printed for the PRODUCTS.

__Interrog. No. 6.__      State each reason why the Kenmore laundry dryer, model 417.91052000 had "stainless steel" printed on the exterior portion of the dryer.

__Interrog. No. 7.__      IDENTIFY each PERSON who decided to have "stainless steel" printed on the exterior portion of the Kenmore laundry dryer, model 417.91052000.

__Interrog. No. 8.__      State each reason why the PRODUCTS had "stainless steel" printed on the exterior portion of the dryer.

__Interrog. No. 9.__       State each reason why the particular location on the exterior portion of the dryer was chosen to have the words "stainless steel" printed on the PRODUCTS.

__Interrog. No. 10.__      IDENTIFY each PERSON who decided to have "stainless steel" printed on the exterior portion of the PRODUCTS.

__Interrog. No. 11.__      IDENTIFY each PERSON who decided to have the words "stainless steel drum" disclosed on any point of purchase display for the PRODUCTS at the Sears retail stores in California during the period from March 17, 2003 to the present.

**Interrog. No. 12.**     IDENTIFY each PERSON who decided to have the words "stainless steel drum" disclosed for the PRODUCTS on Sears' Internet website at www.sears.com during the period from March 17, 2003 to the present.

**Interrog. No. 13.**     IDENTIFY each Sears employee who had any verbal communication(s) with Plaintiff Martin Murray on September 3, 2001 at the Sears retail store no. 01478 located in San Bruno, California regarding the purchase of a Kenmore-brand laundry dryer.

**Interrog. No. 14.**     IDENTIFY each Sears employee who was the direct manager/supervisor on September 3, 2001 for each Sears employee who had any verbal communication(s) with Plaintiff Martin Murray on September 3, 2001 at the Sears retail store no. 01478 located in San Bruno, California regarding the purchase of a Kenmore-brand laundry dryer.

**Interrog. No. 15.**     State each justification for why a "stainless steel" drum is installed in the Kenmore laundry dryer, model 417.91052000.

**Interrog. No. 16.**     State each benefit a "stainless steel" drum provides in a Kenmore laundry dryer.

**Interrog. No. 17.**     IDENTIFY the Authorized Sears Service Technician that came to Steve Thorogood's residence located at 117 Haley Walk, Bristol, TN 37620 on December 19, 2005.

**Interrog. No. 18.**     IDENTIFY the Authorized Sears Service Technician that came to Steve Thorogood's residence located at 117 Haley Walk, Bristol, TN 37620 on January 3, 2006.

**Interrog. No. 19.**     IDENTIFY Leslie Daley of Sears Special Handling Team who responded to the Steve Thorogood's Better Business Bureau complaint.

**Interrog. No. 20.**     IDENTIFY Dan Pigatto who was employed by Sears as a laundry dryer buyer at its Hoffman Estates, Illinois headquarters.


Dated:  January 19, 2010                              By: */s/ Mark Boling*
                                                                    MARK BOLING
                                                                    Attorney for Plaintiff Martin Murray

EXHIBIT 2

1   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Mark C. Dosker (CA Bar # 114789)
2     mdosker@ssd.com
    Julie E. Schwartz (CA Bar # 260624)
3     jeschwartz@ssd.com
    One Maritime Plaza, Third Floor
4   San Francisco, CA 94111
    Telephone:  +1.415.954.0200
5   Facsimile:   +1.415.393.9887

6   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Philip M. Oliss (*Pro Hac Vice*)
7     poliss@ssd.com
    4900 Key Tower
8   127 Public Square
    Cleveland, OH 44114
9   Telephone:  +1.216.479.8500
    Facsimile:   +1.216.479.8780
10
    Attorneys for Defendant
11  SEARS, ROEBUCK AND CO.

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

15  MARTIN MURRAY, individually, on         Case No.  C-09-5744-CW
    behalf of the General Public and on behalf
16  of all others similarly situated,         **CLASS ACTION**

17              Plaintiffs,

18         vs.

19  SEARS, ROEBUCK AND CO., a              **SEARS, ROEBUCK AND CO.'S**
    corporation; ELECTROLUX HOME           **RESPONSES TO PLAINTIFF'S**
20  PRODUCTS, INC., a corporation; DOES     **FIRST SET OF INTERROGATORIES**
    1-100,
21
22              Defendants.

23                    PROPOUNDING PARTY:   Plaintiff Martin Murray

24                    RESPONDING PARTY:    Defendant Sears, Roebuck and Co.

25                    SET NUMBER:          One (1)

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Sears, Roebuck and Co. ("Sears" or "Responding Party") hereby responds to Plaintiff Martin Murray's ("Murray" or "Requesting Party") First Set of Interrogatories as follows:

## SEARS' GENERAL OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND FIRST SET OF INTERROGATORIES

1.      Sears objects to plaintiff's Interrogatories on the basis that discovery in this action is at best premature and should be foreclosed altogether as to class allegations because plaintiff's class allegations are barred by collateral estoppel and/or res judicata and should be enjoined, as more fully described below.  Because Plaintiff is barred as a matter of law from seeking to certify a class, and may soon be enjoined from seeking to do so, the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Further, the class discovery plaintiff seeks is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence relevant to his alleged individual claims.

(a)      On November 1, 2008, in *Thorogood v. Sears, Roebuck and Co.*, the United States District Court for the Northern District of Illinois certified  a class of consumers, including California residents, who purchased the same Kenmore branded clothes-dryers at issue in the instant case and who made the same allegations about those dryers as in the instant case.  N.D. Ill. Case No. 06-CV-1999, Dkt No. 80.  The *Thorogood* class, of which Murray himself purports to have been a member, *see* Complaint, Ex. A to Notice of Removal (Dkt No. 1) at ¶ 53, was subsequently decertified by order of the United States Court of Appeals for the Seventh Circuit on the grounds that there were no common questions of law or fact supporting class certification. *See Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742 (7th Cir. 2008).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 2 -

(b)     After decertification, the *Thorogood* case was remanded to the district court and subsequently dismissed with prejudice.  *Thorogood v. Sears, Roebuck and Co*., N.D. Ill. Case No. 06-CV-1999, Dkt No. 142.  Thorogood appealed again to the Seventh Circuit.  *See* Notice of Appeal, N.D. Ill. Case No. 06-CV-1999, Dkt No. 146.  In again rejecting Thorogood's claims, the Court of Appeals reiterated that Thorogood's class claim is "a notably weak candidate for class treatment" and described the individual claim as "not (quite) frivolous" and a "nuisance claim."  *Thorogood v. Sears, Roebuck and Co*., No. 09-3005, 2010 U.S. App. LEXIS 2842, *4, *7 (7th Cir. Feb. 12, 2010).  The Court of Appeals also emphasized that Thorogood's "understanding of Sears' "stainless steel" representation [was] ***almost certainly unreasonable***.  547 F.3d at 747."  *Id*. (emphasis added).  The Court of Appeals has not yet issued its mandate related to its latest rejection of Thorogood's claims.

(c)     The following is or should be undisputed:  (1) Murray purports to have been a member of the *Thorogood* class certified by the District Court in that case; (2) the *Thorogood* class and, accordingly Murray himself, has been represented at all times by the same counsel who represents Murray in the instant case; (3) the claims and class allegations in the instant case are not meaningfully distinguishable from those in *Thorogood*; (4) Murray's counsel argued and the Seventh Circuit did not dispute that California consumer protection law imposed the same legal standard as the other 28 jurisdictions whose laws were at issue in *Thorogood*; and (5) the Seventh Circuit rejected emphatically class certification on the grounds that there were no common issues of law or fact at issue.  The doctrine of collateral estoppel bars Murray's claims because he seeks to certify a class that is identical in all significant respects to a class (of which he admits he was a member) that has already been rejected repeatedly by the Court of Appeals.  *See Frosini v. Bridgestone Firestone North American Tire, LLC*, No. 05-0578, 2007 U.S. Dist. LEXIS 73767, at *15 (C.D. Cal. Aug. 24, 2007) ("collateral estoppel may operate to preclude a successive motion

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 3 -

1  for class certification brought by a putative absent class member in a prior case, provided that 'the

2  party in the earlier case has interests sufficiently similar to the party in the later case, so that the

3  first party may be deemed the 'virtual representative' of the second party'").

4       (d)     As the Court of Appeals has not yet issued its mandate, the *Thorogood* matter

5  remains pending in the Court of Appeals.  To avoid the risk of inconsistent results and in the

6  interest of judicial economy, this action should be stayed pending return of the mandate and any

7  further proceedings in the District Court in *Thorogood*, including Sears' anticipated motion to

8  enjoin Murray and his counsel from further attempts to certify a class action arising from the

9  same claims as those repeatedly rejected by the Court of Appeals and the District Court in the

10  *Thorogood* matter.  At minimum, discovery in this action should be stayed pending resolution of

11  the issues summarized above.

12

13

14       2.     Based on information available to date, Sears states as follows.  Sears has never

15  designed, manufactured, or assembled laundry dryers.  Sears, at all relevant times, is and has been

16  a retailer of various laundry products which were designed, manufactured, assembled and/or

17  distributed by others.  As such, Sears' ability to answer these Interrogatories is limited by this

18  role.  Moreover, these requests call for information that is necessarily outside the scope of Sears'

19  knowledge, and therefore any response is formulated on the basis of the best information

20  available to Sears located after a reasonable inquiry.

21       3.     Sears objects to plaintiff's definitions and Interrogatories to the extent they seek to

22  impose obligations beyond those imposed by the Federal Rules of Civil Procedure and Local

23  Rules of Court.

24       4.     Sears objects to plaintiff's definition of "You" and "Your," to the extent the

25  definition includes any "subsidiaries," or "divisions."  These responses are made on behalf of

26  Sears, Roebuck and Co., the only Sears entity named as a defendant in this case.  Sears further

27  objects to this definition on the grounds that it is vague or ambiguous, overly broad,

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
- 4 -

impermissibly seeks to impose discovery obligations on persons or entities who are not parties to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

5.      Sears objects to plaintiff's definition of "Identify" (with reference to natural persons) to the extent that it purports to require Sears to identify a person's "position or business affiliation, and each of the person's employment positions or business affiliations", on the grounds that providing such information may violate the legally protected rights of those natural persons, including, but not limited to their right of privacy, and further on the grounds that pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

6.      Sears objects to plaintiff's definition of "Identify" (with reference to any person other than a natural person) to the extent that it purports to require Sears to identify the telephone number of the entity at issue, the name, address and telephone number of each of its agents who acted for it with respect to the matters involved, and its relationship, if any, to any party in this action, on the grounds that pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

7.      Sears objects to plaintiff's Interrogatories and/or definitions to the extent that they seek to discover information protected by privilege (including, without limitation, the attorney-client privilege, self-critical analysis privilege, joint defense, common-interest, and the attorney-work product doctrine) or information otherwise not discoverable under Rule 26(b)(3) of the Federal Rules of Civil Procedure.  Any inadvertent production of any such privileged or protected information shall not constitute a waiver of any privilege or protection applicable thereto, or to any related information, and anyone suspecting such an inadvertent production or disclosure by

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 5 -

Sears is requested to bring it to the attention of the undersigned counsel forthwith and immediately return any such information.

8.    Sears objects to plaintiff's Interrogatories to the extent that they assume facts that do not exist or are otherwise incorrect.

9.    Sears objects to plaintiff's Interrogatories to the extent they are unduly burdensome, vague or ambiguous and/or incapable of reasonable ascertainment.

10.   Sears objects to plaintiff's Interrogatories, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii), on the ground that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

11.   Sears objects to plaintiff's Interrogatories to the extent they seek materials or information outside the Class Period.

12.   Sears objects to plaintiff's Interrogatories to the extent they seek materials or information concerning persons or entities that are not included within the Class Definition.

13.   Sears objects to plaintiff's Interrogatories to the extent they seek information that is not relevant to the claim or defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible evidence.

14.   Sears objects to plaintiff's Interrogatories to the extent that responsive information has already been produced to plaintiff's counsel in *Thorogood v. Sears, Roebuck and Co.*, N.D. Ill. Case No. 06-1999, who is also plaintiff's counsel in this action and, as such, is already in the custody and control of plaintiff's counsel.

15.   Sears objects to plaintiff's Interrogatories to the extent they seek information that is equally available to plaintiff, in the public domain or available from sources other than Sears, or that is equally available to or already in the possession, custody or control of plaintiff or his attorneys and for which the burden on plaintiff to obtain the information is no greater than the burden on Sears.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 6 -

16.     Sears objects to plaintiff's Interrogatories to the extent they seek information that is protected by court order.

17.     Sears objects to plaintiff's Interrogatories to the extent they are cumulative and/or duplicative.

18.     Sears objects to plaintiff's Interrogatories to the extent they seek the confidential information of third parties that Sears is under an obligation to not disclose.

19.     Sears objects to plaintiff's Interrogatories to the extent they seek materials and information not relevant to the issue of class certification.  *See* Report Pursuant To Fed. R. Civ. P. 26 (Dkt No. 41); *see also* Manual For Complex Litigation, Fourth § 21.14; (discussing the appropriateness of bifurcation); *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (noting it is improper to address the merits at the class certification stage); *Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001) (observing that a district court "may limit … discovery to class certification issues).

20.     Sears objects to plaintiff's Interrogatories to the extent they call for legal conclusions.

21.     Sears objects to plaintiff's Interrogatories to the extent that they seek the production of confidential, trade secret, or proprietary information of Sears, its predecessors, current or former employees and/or other individuals.  Where plaintiff's discovery requests call for the production of such information, Sears will make this information available for inspection only upon entry of a mutually-agreeable confidentiality protective order.

22.     Sears reserves its right to object to the use or admissibility of any evidence at trial.

The foregoing General Objections are hereby incorporated by reference into each response set forth below.

**SEARS, ROEBUCK AND CO.'s RESPONSES TO
PLAINTIFF MARTIN MURRAY'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the model number for each PRODUCT that was sold by YOU to consumers in the state of California at anytime during the period from March 17, 2003 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 1. Sears further objects to Interrogatory No. 1 as premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 1 as overly broad and unduly burdensome. Sears further objects to Interrogatory No. 1 as vague or ambiguous and incapable of reasonable ascertainment. Sears further objects to Interrogatory No. 1 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 2:**

State the model number for each PRODUCT that had a drum partially composed of a mild steel at anytime during the period from March 17, 2003 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 2. Sears further objects to Interrogatory No. 2 it assumes facts not in evidence and is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 2 as overly broad and unduly burdensome. Sears further objects to Interrogatory No. 2 as vague or ambiguous and incapable of reasonable ascertainment. Sears further objects to Interrogatory No. 2 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period. Sears

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 8 -

1  further objects to Interrogatory No. 2 on the grounds that the term "mild steel" is undefined,

2  vague and ambiguous.

3

4  **INTERROGATORY NO. 3:**

5      State the model number for each PRODUCT that was disclosed by YOU in California as

6  having a "stainless steel" drum at anytime during the period from March 17, 2003 to the present.

7  **RESPONSE TO INTERROGATORY NO. 3:**

8      Sears incorporates here its General Objections above as part of its objections to

9  Interrogatory No. 3.  Sears further objects to Interrogatory No. 3 as it assumes facts not in

10 evidence and is premature and not relevant to the issue of class certification.  Sears further objects

11 to Interrogatory No. 3 as overly broad and unduly burdensome.  Sears further objects to

12 Interrogatory No. 3 as vague or ambiguous and incapable of reasonable ascertainment.  Sears

13 further objects to Interrogatory No. 3 as seeking information that is not relevant to the claim or

14 defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible

15 evidence.  Sears further objects to Interrogatory No. 3 because it is not necessarily limited in time

16 to the Class Period and, as such, may include persons or products not included in the Class

17 Period.

18

19 **INTERROGATORY NO. 4:**

20     State the model number for each PRODUCT that had "stainless steel" printed on the

21 exterior portion of the dryer.

22 **RESPONSE TO INTERROGATORY NO. 4:**

23     Sears incorporates here its General Objections above as part of its objections to

24 Interrogatory No. 4.  Sears further objects to Interrogatory No. 4 as it assumes facts not in

25 evidence and is premature and not relevant to the issue of class certification.  Sears further objects

26 to Interrogatory No. 4 as overly broad and unduly burdensome.  Sears further objects to

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 9 -

Interrogatory No. 4 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 5:**

State the locations on the exterior portion of the dryer where the words "stainless steel" was printed for the PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 5:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 5. Sears further objects to Interrogatory No. 5 as it assumes facts not in evidence and is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 5 as overly broad and unduly burdensome. Sears further objects to Interrogatory No. 5 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 6:**

State each reason why the Kenmore laundry dryer, model 417.91052000 had "stainless steel" printed on the exterior portion of the dryer.

**RESPONSE TO INTERROGATORY NO. 6:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 6. Sears further objects to Interrogatory No. 6 as it is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 6 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTERROGATORY NO. 7:**

IDENTIFY each PERSON who decided to have "stainless steel" printed on the exterior portion of the Kenmore laundry dryer, model 417.91052000.

**RESPONSE TO INTERROGATORY NO. 7:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 7. Sears further objects to Interrogatory No. 7 as it is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 7 as overly broad and unduly burdensome. Sears further objects to Interrogatory No. 7 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 8:**

State each reason why the PRODUCTS had "stainless steel" printed on the exterior portion of the dryer.

**RESPONSE TO INTERROGATORY NO. 8:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 8. Sears further objects to Interrogatory No. 8 as it is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 8 as overly broad and unduly burdensome. Sears further objects to Interrogatory No. 8 as vague or ambiguous and incapable of reasonable ascertainment. Sears further objects to Interrogatory No. 8 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 9:**

State each reason why the particular location on the exterior portion of the dryer was chosen to have the words "stainless steel" printed on the PRODUCTS.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 11 -

**RESPONSE TO INTERROGATORY NO. 9:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 9. Sears further objects to Interrogatory No. 9 as it is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 9 as overly broad and unduly burdensome. Sears further objects to Interrogatory No. 9 as vague or ambiguous and incapable of reasonable ascertainment. Sears further objects to Interrogatory No. 9 as seeking information that is not relevant to the claim or defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible evidence. Sears further objects to Interrogatory No. 9 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON who decided to have "stainless steel" printed on the exterior portion of the PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 10:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 10. Sears further objects to Interrogatory No. 10 as it assumes facts not in evidence and is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 10 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON who decided to have the words "stainless steel drum" disclosed on any point of purchase display for the PRODUCTS at the Sears retail stores in California during the period from March 17, 2003 to the present.

**RESPONSE TO INTERROGATORY NO. 11:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 11. Sears further objects to Interrogatory No. 11 as it assumes facts not in evidence and is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 11 as overly broad and unduly burdensome. Sears further objects to Interrogatory No. 11 as vague or ambiguous and incapable of reasonable ascertainment. Sears further objects to Interrogatory No. 11 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 12:**

IDENTIFY each PERSON who decided to have the words "stainless steel drum" disclosed for the PRODUCTS on Sears' Internet website at www.sears.com during the period from March 17, 2003 to the present.

**RESPONSE TO INTERROGATORY NO. 12:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 12. Sears further objects to Interrogatory No. 12 as it assumes facts not in evidence and is premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 12 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 13:**

IDENTIFY each Sears employee who had any verbal communication(s) with Plaintiff Martin Murray on September 3, 2001 at the Sears retail store no. 01478 located in San Bruno, California regarding the purchase of a Kenmore-brand laundry dryer.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 13 -

**RESPONSE TO INTERROGATORY NO. 13:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 13.  Sears further objects to Interrogatory No. 13 as it assumes facts not in evidence and is premature and not relevant to the issue of class certification.

**INTERROGATORY NO. 14:**

IDENTIFY each Sears employee who was the direct manager/supervisor on September 3, 2001 for each Sears employee who had any verbal communication(s) with Plaintiff Martin Murray on September 3, 2001 at the Sears retail store no. 01478 located in San Bruno, California regarding the purchase of a Kenmore-brand laundry dryer.

**RESPONSE TO INTERROGATORY NO. 14:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 14. Sears further objects to Interrogatory No. 14 as it assumes facts not in evidence and is premature and not relevant to the issue of class certification.

**INTERROGATORY NO. 15:**

State each justification for why a "stainless steel" drum is installed in the Kenmore laundry dryer, model 417.91052000.

**RESPONSE TO INTERROGATORY NO. 15:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 15.  Sears further objects to Interrogatory No. 15 as premature and not relevant to the issue of class certification.  Sears further objects to Interrogatory No. 15 as being cumulative and duplicative of, inter alia, Interrogatory No. 6.  Sears further objects to Interrogatory No. 15 as seeking information that is not relevant to the claim or defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible evidence.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 14 -

Sears further objects to Interrogatory No. 15 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 16:**

State each benefit a "stainless steel" drum provides in a Kenmore laundry dryer.

**RESPONSE TO INTERROGATORY NO. 16:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 16. Sears further objects to Interrogatory No. 16 as premature and not relevant to the issue of class certification. Sears further objects to Interrogatory No. 16 as vague or ambiguous and incapable of reasonable ascertainment. Sears further objects to Interrogatory No. 16 because it is not necessarily limited in time to the Class Period and, as such, may include persons or products not included in the Class Period.

**INTERROGATORY NO. 17:**

IDENTIFY the Authorized Sears Service Technician that came to Steve Thorogood's residence located at 117 Haley Walk, Bristol, TN 37620 on December 19, 2005.

**RESPONSE TO INTERROGATORY NO. 17:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 17. Sears further objects to Interrogatory No. 17 as seeking information that is not relevant to the claim or defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18:**

IDENTIFY the Authorized Sears Service Technician that came to Steve Thorogood's residence located at 117 Haley Walk, Bristol, TN 37620 on January 3, 2006.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 15 -

**RESPONSE TO INTERROGATORY NO. 18:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 18. Sears further objects to Interrogatory No. 18 as seeking information that is not relevant to the claim or defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:**

IDENTIFY Leslie Daley of Sears Special Handling Team who responded to the Steve Thorogood's Better Business Bureau complaint.

**RESPONSE TO INTERROGATORY NO. 19:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 19. Sears further objects to Interrogatory No. 19 as seeking information that is not relevant to the claim or defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 20:**

IDENTIFY Dan Pigatto who was employed by Sears as a laundry dryer buyer at its Hoffman Estates, Illinois headquarters.

**RESPONSE TO INTERROGATORY NO. 20:**

Sears incorporates here its General Objections above as part of its objections to Interrogatory No. 20. Sears further objects to Interrogatory No. 20 as seeking information that is not relevant to the

///

///

///

///

///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

- 16 -

claim or defense of any party and/or that is not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  February 22, 2010

SQUIRE, SANDERS & DEMPSEY L.L.P.


By:_____/s/ Mark C. Dosker_____
                          Mark C. Dosker


Attorneys for Defendant
SEARS, ROEBUCK AND CO.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111

SEARS, ROEBUCK AND CO.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
- 17 -

EXHIBIT 3

# LAW OFFICE OF MARK BOLING

21986 Cayuga Lane
Lake Forest, CA 92630
(949) 588-9222 - (949) 588-7078 [fax]

February 24, 2010

**VIA EMAIL ONLY**

Mark C. Dosker
mdosker@ssd.com
Squire Sanders & Dempsey, L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Attorneys for Defendant Sears, Roebuck And Co.

RE: _Murray v. Sears, et al._, USDC, NDCA Case No. C-09-5744-CW

Dear Counsel:

In preparation for and to facilitate the telephonic meet and confer regarding Sears' Responses to Plaintiff's Request for Production of Documents, and Interrogatories, Sets No. One, below is Plaintiff's initial contentions regarding the matters in dispute. Plaintiff reserves the right to add to his position upon further review of the discovery responses/objections and after the meet and confer conference.  The objections expressly set forth in each discovery request have been grouped into the respective general objection for economy and convenience.

## ISSUES IN DISPUTE

### PLAINTIFF'S RESPONSE TO OBJECTIONS TO REQUESTS FOR PRODUCTION:

Defendant's boilerplate objections that are not specifically linked to a discovery inquiry in these discovery devices, or which are set forth "to the extent," are preserved for time of trial but have no justified basis for refusing the subject discovery at this time.

Plaintiff requests that Defendant state in their responses to each discovery request the specific identification of each document by Bates label or sufficiently otherwise for each document produced or to be produced that is responsive to the subject discovery request and for each objection(s) by Defendants that the document request was duplicative or that the requested documents were previously produced or equally available to Plaintiff. In this way, Plaintiff can

Murray v. Sears, et al.
February 24, 2010
Page 2

identify and correlate the documents to the corresponding request for purposes of offering such evidence at time of trial.

**General Objection No. 1:**  [Overly Broad, Unduly Burdensome and Requiring Undue Expense to Answer (Rule 26(b)) – RFP Nos. 2-9, 11-14, 23-25, 27-31, 35-38, 40-50, 52, 55-61, 63-65; Premature – RFP Nos. 3-31, 35-61, 63-65, Interrog Nos. 1-16]

The subject discovery is consistent with **FRCP Rule 26(b)** because the requests for production and interrogatories are Plaintiff's first set of these discovery devices propounded to said Defendant that targets a) the nature and extent of Defendant's business practices of disclosing a purported "stainless steel" drum for the subject products, which is at issue in this case, b) the information to establish the requirements of numerosity and predominant issues of common fact necessary for Plaintiff's anticipated Motion for Class Certification or issues of Plaintiff's individual claims and c) the identity of those persons who may be percipient witnesses for later deposition discovery.

The benefit of the proposed discovery outweighs Defendant's burden or expense because the issues of this case involve an important California public policy of consumer protection under the CLRA and UCL against businesses that attempt to defraud the consuming public or a large class of Sears' customers, no prior written discovery has been propounded to this Defendant, and the information sought is in the exclusive possession of this Defendant.   In the Rule 26(f) teleconference, this Defendant has stated that the information has been placed on a litigation hold and is accessible by computer.

The amount in controversy as presented by Defendants is substantial.   ¶ 11(c) of Sears' Notice of Removal states "[i]n California, Sears sold substantially more than 10,000 of the models of dryers at issue in the Complaint to members of the putative class the claims of which the proposed representative Plaintiff's claims are alleged to be typical and representative.   In deed **Sears sold more than 100,000** of them.   The total of the purchase prices paid for those dryers is well in excess of $5,000,000; indeed, it is in **excess of $40,000,000**."   The resources of this Defendant, which is a very huge corporation, can absorb the costs of producing discovery.

See also, Plaintiff's contentions regarding "Relevancy" in response to General Objection No. 20.

Defendant's contention that the discovery is premature is without merit.   Discovery has been timely propounded under Rule 26.   This action has not been stayed nor has any issue or claim preclusion been determined by this Court.

Murray v. Sears, et al.
February 24, 2010
Page 3

The decertification of the Thorogood class action by order of the United States Court of Appeals for the Seventh Circuit on the grounds that there were no common questions of law or fact supporting class certification is limited to that case. *See Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742 (7th Cir. 2008). The Seventh Appellate Circuit's comments on the viability of Mr. Thorogood's class claims does not extend to Mr. Murray's class claims.

Plaintiff does not dispute that Murray was a purported member of the *Thorogood* class certified by the District Court in that case.

Plaintiff does dispute that (1) the *Thorogood* class and, accordingly Murray himself, has been represented at all times by the same counsel who represents Murray in the instant case; (2) the claims and class allegations in the instant case are not meaningfully distinguishable from those in *Thorogood*; (3) Murray's counsel argued and the Seventh Circuit did not dispute that California consumer protection law imposed the same legal standard as the other 28 jurisdictions whose laws were at issue in *Thorogood*; and (4) the Seventh Circuit rejected emphatically class certification on the grounds that there were no common issues of law or fact at issue.

No justification exists to stay proceedings because no other case related to the instant litigation is pending in another district court. The *Thorogood* Case has been dismissed with prejudice and the Seventh Circuit has ruled on issues that do not affect nor bear upon Plaintiff Murray's California claims. *Thorogood v. Sears, Roebuck and Co.*, No. 09-3005 (7th Cir. Feb. 12, 2010). Also, no preclusive effect exists in the instant case from the outcome of the *Thorogood* matter.[1]

The instant case is distinguishable from Defendants' reliance on *Frosini v. Bridgestone Firestone North American Tire, LLC*, No. 05-0578, 2007 U.S. Dist. LEXIS 73767, at *15 (C.D. Cal. Aug. 24, 2007) ("collateral estoppel may operate to preclude a successive motion for class certification brought by a putative absent class member in a prior case, provided that 'the party in the earlier case has interests sufficiently similar to the party in the later case, so that the first party may be deemed the 'virtual representative' of the second party'"). The *Frosini* case attempted to bring a successive motion for class certification by a putative absent class member in a prior California case in a separate California action based on the same putative class, the same California claims, in the same California jurisdiction with the same standard of review and with the same attorneys.

_____

[1]     When a district court is exercising diversity jurisdiction, California law determines the rules of preclusion. (*See Semtek International Inc. v. Lockheed Martin Corp.* (2001) 531 U.S. 497, 508 [121 S.Ct. 1021, 149 L.Ed.2d 32]; *see also Taylor v. Sturgell* (2008) ___ U.S. ___ [128 S.Ct. 2161, 2171 & fn. 4, 171 L.Ed.2d 155, 167 ["[f]or judgments in diversity cases, federal law incorporates the rules of preclusion **applied by the State** in which the rendering court sits"]

Murray v. Sears, et al.
February 24, 2010
Page 4


The instant case will not be precluded from proceeding as a California class action under diversity jurisdiction in federal court as a result of the *Thorogood* appellate decision because a) the *Thorogood* case involved a multi-jurisdictional class litigated in a different district,[2] b) the class certification issues and interests decided in the *Thorogood* case were materially different than the instant case,[3] and c) no "virtual representation" of Mr. Murray's claims existed in the *Thorogood* case.[4]

The *Thorogood* case certified and then decertified to proceed for a class of consumers from 29 different jurisdictions, including California, under a single standard of review for class certification stemming from the Seventh Circuit. No sub-class of California consumers was asserted or California claims litigated in the Motion for Class Certification and no California class representative was named in the *Thorogood* case.[5] Conversely, the class of consumers in the instant case consists of and is limited to California consumers, with only a named class representative that must meet the unique standing requirements under the UCL,[6] which invokes the discovery rule to sue and addresses who may act as a class representative. These factual and legal distinctions create a different class definition in the instant case.

Different standards of review for class certification exist in the Seventh and Ninth Circuits, thereby creating materially different legal foundations, issues and interests of the absent California class members in the *Thorogood* case.

---

[2]     See *Bova v. Washington Mutual Bank*, 2008 WL 4791833, at *5 (S.D. Cal.) (issue in prior case and class definition in prior case were **not identical**; collateral estoppel did not apply).

[3]     Where the previous decision rests on a 'different factual **and legal foundation'** than the issue sought to be adjudicated in the case at bar, collateral estoppel effect should be denied.". [Citations omitted] Precisely defining the issue previously decided and the one sought to be precluded is critical. *Johnson v. GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1513.

[4]     *Taylor v. Sturgell* (2008) ___ U.S. ___ [128 S.Ct. 2161] would appear to **preclude the use of collateral estoppel** to bar absent putative class members from seeking class certification following the denial of a certification motion in an earlier lawsuit--at least to the extent Taylor is understood as resting on due process considerations, and not simply federal common law.

[5]     The primary rights theory does not relieve the party asserting collateral estoppel from its obligation to demonstrate the issue actually litigated and finally decided in the first action, regardless of legal theory advanced, is identical to the factual issue as to which preclusion is sought. *Johnson v. GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1516-1517.

[6]     The Proposition 64 standing requirements for a UCL claim apply **only** to the named plaintiffs in a class action. *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 320-321).

Murray v. Sears, et al.
February 24, 2010
Page 5

The Ninth and Third Circuits disagree in regard to what determines Rule 23(b)(3) predominance under claims of misrepresentation. The First, Third, and (important for our purposes) Ninth Circuits <u>objectively</u> examine whether the misrepresentation made was material; while the Second, Fifth, Seventh and Eleventh hold that a class member's <u>subjective</u> motivations and understandings must be shown under 23(b)(3).[7]

The Ninth Circuit's view is that requiring each class member's individualized motivations for valuing the attribute (here, each person's reason for desiring a stainless steel drum) would essentially preclude class certification in every case. Among the cases cited for the Ninth Circuit, *Jenson v. Fiserv Trust Co.* (9th Cir. 2007) 256 Fed. Appx. 924, 926, recognized "that when the same material misrepresentations have been communicated, an inference of reliance may arise as to the entire class." (Emphasis omitted).

This rationale was used as recently as November 2009, when the Eastern District of California stated that "with respect to claims brought under the CLRA or that sound in fraud, a presumption of reliance overcomes the individual nature of the reliance in inquiry." *Cartwright v. Viking Indust., Inc.* (E.D. Cal. 2009) 2009 WL 2982887, at *12 (CLRA action alleging that defendant fraudulently and deceptively concealed material information about the defective nature of window products).

Plaintiff Murray's CLRA and UCL claims provide unique aspects under California law that present different legal and evidentiary issues from the *Thorogood* case.[8] Injunctive relief is available under both the CLRA[9] and UCL.[10] Furthermore, the burden of producing evidence under California case law for the issue of an actionable representation is a "likelihood to

---

[7]     *See*, *e.g.*, *Thorogood v. Sears, Roebuck and Co.* (7th Cir. 2008) 547 F.3d 742, 747 (discussing the subjective motivations for purchasing a stainless steel drummed dryer); *McLaughlin v. American Tobacco Co.* (2d Cir. 2008) 522 f.3d 215. 223 (looked to smoker's personal motivations for purchasing light cigarettes).

[8]     In diversity actions, the state law creating the right sued upon governs issues such as the elements of the action, measure of damages, applicable defenses, etc. *Bank of Calif., N.A. v. Opie* (9th Cir. 1981) 663 F.2d 977, 980; *Patton v. Cox* (9th Cir. 2002) 276 F.3d 493, 495; *Shannon-Vail Five Inc. v. Bunch* (9th Cir. 2001) 270 F.3d 1207, 1210.

[9]     Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following: An order enjoining the methods, acts, or practices. *Cal. Civil Code* §1780 (a) (2).

[10]     Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. *Cal. Bus. & Prof. Code* §17203 (in pertinent part).

Murray v. Sears, et al.
February 24, 2010
Page 6

mislead"[11] and the issue of reliance is resolved by an **objective** "reasonable consumer" standard.[12]

In the *Thorogood* case, Plaintiff Thorogood never asserted on behalf of the putative California class members California's objective examination of whether the misrepresentation was material or the "reasonable consumer" standard of reliance. Moreover and contrary to the *Thorogood* case, individualized proof of deception, reliance and injury are not required for absent California class members under Mr. Murray's UCL claim.[13]  Thus different evidentiary issues exist between the *Thorogood* case and the instant case.

In the instant case, Mr. Murray is represented by California counsel experienced in litigating California consumer protection class claims and who was not given the opportunity to separately present Mr. Murray's California individual and class claims in the *Thorogood* case.

Moreover, the California public interest requires that relitigation of California consumer protection claims not be foreclosed.  *Nein v. HostPro, Inc.* (2d Dist. 2009) 174 Cal. App. 4th 833,

---

[11]     A UCL cause of action "'may be based on representations to the public which are untrue, and "'also those which may be accurate on some level, but will nonetheless tend to mislead or deceive.... A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under'" the UCL.'"  "Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires' consideration and weighing of evidence from both sides....' *Paduano v. American Honda Motor Co., Inc.* (2009) 169 Cal.App.4th 1453, 1469 (internal citations omitted) (citing *Linear Technology Corp. v. Applied Materials, Inc.* (2007) 152 Cal.App.4th 115, 134-135).

      "[T]o state a claim under [§17200] one need not plead and prove the elements of a tort. Instead, one need only show that 'members of the public are likely to be deceived.' ".  *Garcia v. Coleman* (N.D. Cal., 2008) 2008 WL 4166854, at *17.

      Conduct that is "likely to mislead a reasonable consumer" thus violates the CLRA. *Nagel v. Twin Laboratories, Inc.* (2003) 109 Cal.App.4th 39, 54. The CLRA is to be "**liberally construed** and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." *Cal. Civ. Code*, § 1760; see *Wang v. Massey Chevrolet* (2002) 97 Cal.App.4th 856, 869.

[12]     An objective "reasonable consumer" standard exists for determining whether disclosures and/or omissions are likely to mislead under both the CLRA and UCL claims. *Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal. App.4th 1351, 1360.

[13]     Relief under the UCL is available without individualized proof of deception, reliance and injury.  *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 312, 320.

Murray v. Sears, et al.
February 24, 2010
Page 7

845 (the doctrine of collateral estoppel is not applied if injustice would result or if the public interest requires that relitigation not be foreclosed.) (Citations omitted). Indeed, California courts have recognized consumer protection laws as protecting important public interests.  *See, e.g.,* *Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal. App. 4th 663, 703 ("Plaintiffs' lawsuits concerned the enforcement of the California consumer protection laws – an important right affecting the public interest."); *Lavie v. Proctor & Gamble Co.* (2003) 105 Cal. App. 4th 496, 510-511 (recognizing importance of advertising laws as the public is "'more gullible' than ordinary members of the public.") (citing *Dept. of Agriculture v. Tide Oil Co.* (1969) 269 Cal. App. 2d 145, 155). California has a strong public policy that encourages the use of the class action procedure. *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 340; *Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 473. Given the great protections afforded to consumers in California's statute, the State of California would have a great interest in the present case being litigated as a class action in California.

Finally, *Thorogood*'s dismissal did not adjudicate any claims as lacking in merit.  All that happened was that Sears, to preempt any adjudication on the merits, made a Fed. R. Civ. P. 68 offer of judgment in that the district court held to eliminate any case or controversy.  Thus, there was no adjudication on any merits, nor on any single-state class certification.[14]   Neither Mr. Thorogood, nor Mr. Murray, nor anyone else to date, have had a "full and fair" opportunity to present or litigate the California claims to a final judgment on the merits in the *Thorogood* case.

**General Objection No. 2:**  A party has an obligation to conduct a reasonable inquiry into the factual basis of his response to discovery, and, based on that inquiry, a party responding to a production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control.  *Farber and Partners, Inc. v. Garber* (C.D. Cal. 2006) 234 F.R.D. 186, 189. The responding defendant is in a superior position to seek such information as compared with plaintiff.  Plaintiff requests that Defendant state in its response that it has fulfilled its obligation to conduct a reasonable inquiry and the results of that inquiry.

**General Objection No. 3:**  Plaintiff does not seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and Local Rules.

**General Objection No. 4:**  Plaintiff's specifically defined terms "YOU" and "YOUR" to the extent the definition includes subsidiaries or divisions is reasonable and necessary if those business entities offered for sale or sold the subject Products under the corporate umbrella and knowledge of Defendant Sears and therefore impute liability upon Sears.

---

[14]     Being a matter of *issue* preclusion, collateral estoppel is naturally confined to issues "actually litigated.  *Johnson v. GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1513.

Murray v. Sears, et al.
February 24, 2010
Page 8

**General Objection No. 5:**  [No Custody and Control by Sears – RFP Nos. 15, 16-22] **See** Plaintiff's contentions in response to General Objection No. 2.

**General Objection No. 6:**  Plaintiff is amenable to the production of legible copies in lieu of an original document with the reservation of rights to seek production of the original document for good cause.

**General Objection No. 7:**  The  specifically defined term "IDENTIFY" (with reference to natural persons) to the extent that it purports to require Sears to identify a person's "position or business affiliation, and each of the person's employment positions or business affiliations"" is reasonable and necessary to seek the identity of percipient witnesses whose position or business affiliation reflect that person's extent of authority to make decisions or implement Sears' policies at issue and whether any follow-up deposition discovery is warranted of these individuals.  With respect to compliance with *FRCP*, Rule 26(b)(2)(C)(iii), see Plaintiff's contentions in response to General Objection No. 1.

**General Objection No. 8:**  The specifically defined term "IDENTIFY" (with reference to any person other than a natural persons) to the extent that it purports to require Sears to identify the telephone number of the entity at issue, the name, address and telephone number of each of its agents who acted for it with respect to the matters involved, and its relationship is reasonable and necessary to seek the identity and accessibility of percipient witnesses whose position or business affiliation reflect that person's extent of authority to make decisions or implement Sears' policies at issue and whether any follow-up deposition discovery is warranted of these individuals.  With respect to compliance with *FRCP*, Rule 26(b)(2)(C)(iii), see Plaintiff's contentions in response to General Objection No. 1.

**General Objection No. 9:**  Plaintiff's definition of "IDENTIFY" regarding if any responsive document was, but is no longer in your possession or subject to your control is based on Defendant's knowledge of the existence of such document(s) and not on speculation.

**General Objection No. 10:**  On the issue of electronic data, counsel for Sears and Electrolux stated in the Rule 26(f) teleconference that information regarding this matter was being preserved and was accessible on computers.  Defendant's objection based on burden is unjustified.  See, *Walt Disney Co. v. DeFrabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996); *Bausch & Lomb, Inc. v. Alcon Lab, Inc.*, 173 F.R.D. 367, 375-377 (W.D.N.Y. 1995).  Any burden in responding to these inquiries is self-imposed by the significant extent of defendant's wrongful business practices as set forth in the pleadings.  The accessibility, logistics and costs of providing the subject discovery by Defendant in this case is manageable.  Similar requested information/documentation has been previously sought, was accessible and produced by Defendant in discovery in the case of

Murray v. Sears, et al.
February 24, 2010
Page 9

*Thorogood v. Defendant Sears, Roebuck and Company*, ("*Thorogood* Case") filed in the Circuit Court of Cook County, Illinois, Case No. 06 CH 04724 and removed to the United States District Court for the Northern District of Illinois, Case No. 06 C 1999 approximately two years ago, which involves similar factual issues involving Defendants' business practices.  As no burden was demonstrated in the *Thorogood* Case, the same lack of burden exists in the instant case. With such discovery previous available, the burden to provide and update such discovery to the present is minimal.

**General Objection No. 11:** [Privilege – RFP Nos. 12, 40-43, 53, 54, 58]  Plaintiff does not seek information and/or documentation protected by the attorney client privilege and/or work product doctrine.  However, Plaintiff does require a privilege log when necessary. Please provide such privilege log.

**General Objection No. 12:**  See Plaintiff's contentions in response to General Objection No. 11. Instruction Nos. 6 & 8 are reasonable and necessary to enable the parties and the Court to assess the validity of Defendant's claim of privilege.

**General Objection No. 13:**  If the responsive documents/information is protected by a right of privacy, Plaintiff is willing to accept redacted information for such legitimate purposes only and reserves the right to further dispute such redactions upon receipt and review of the materials. Plaintiff has submitted to Defendant **at the time of** serving the subject discovery a proposed Stipulation for Protective Order to address the issue of confidentiality.  Defendant has dragged its feet with Plaintiff and failed to secure a timely protective order prior to serving its discovery responses and therefore Plaintiff will seek a Request for Protective Order to resolve such issues, if a meet and confer is unsuccessful.

**General Objection No. 14:**  Instruction No. 10 is meant for a document that is **not** produced in full or is produced in redacted form.  This instruction is intended to for the parties and the Court to assess the validity of Defendant's claim of privilege or reasons for any deletions.

**General Objection No. 15:**  [Assumes Facts – RFP Nos. 12, 14, 42, 43]  If any requests involve facts that do not exist or are incorrect, Plaintiff seeks a statement by Defendant of this event. With respect to any objection that the request "assumes facts not in evidence" is without merit because at this discovery phase of litigation no evidence has been proffered to the court. Each inquiry is reasonably calculated to lead to the discovery of admissible evidence regarding the issue(s) framed by the complaint on file in this action.  See also Plaintiff's contentions in response to General Objection No. 20.

**General Objection No. 16:**  [Vague or Ambiguous – RFP Nos. 3, 6-14, 1, 21, 23-25, 27-31, 36-45, 47, 48, 50, 52, 55-65, Interrog Nos. 1-3, 8, 9, 11, 16]  Defendant fails to specifically set forth

Murray v. Sears, et al.
February 24, 2010
Page 10

the details that a discovery request is vague or ambiguous and/or incapable of reasonable
ascertainment.  Each word set forth in capitals has a specifically defined meaning in each
discovery device and each lower case word therein has its common English definition.

For purposes of this discovery, the use of the word "drum" in the context of Kenmore
dryers means the interior portion of the dryer unit that rotates when the dryer is in use.  (See, e.g.
Kenmore Dryer Use & Care Guide, Model No. 417.____, "Drying Procedures", "Allow the drum
to come to a complete stop before reaching inside."[Murray 0014-00<u>18</u>")  An example of the
"drum" can be identified in the diagram and parts list in the Sears HomeCentral "Repair Parts
List" for each product (e.g. Model No. 417.91052000, Position No. 21, Part No. 131427841,
Description - Asmy-Dryer drum-gas-stainless [Murray 0027-0029).  This meaning of the word
"drum" in this context is reasonable because it is taken from Defendants' own interpretation that
is disclosed to the general public.

**General Objection No. 17:**  Plaintiff's first set of written discovery provides an efficient and
comprehensive means to obtain relevant information for legitimate purposes of preparing for
later depositions and his case for trial.  It was Defendants that wanted to make a federal case of
this action by removing the same to the federal court in the Notice of Removal that this case
involved the sale of more than 100,000 of the subject Kenmore dryers in the state of California
with revenues in excess of $40,000,000.00.  The resources of this Defendant, which is a very
huge corporation, can absorb the costs of producing discovery.

**General Objection No. 18:**  [Outside class period – RFP Nos. 3-16, 18-20, 22-50, 52, 55-58, 60,
Interrog Nos. 1-12, 15, 16]  Defendant's objection that the period of discovery is overly broad is
without merit.  Based on the applicable California statutes of limitation statute and the principle
of equitable tolling Plaintiff's UCL claim begin to run from March 17, 2003.[15] The discovery
period covering the relevant statute of limitations period ("class period") and the time period shortly
before the class period is reasonably calculated to lead to the discovery of admissible evidence to
ascertain Defendant's business practices during the class period.

Discovery requests seeking information/documentation prior to Plaintiff's purchase on or
about September 3, 2001 and/or between the period from March 17, 2003 to the present are
relevant and necessary to determine the nature and extent of Defendants' business practices that
were entrenched and existing in Defendants' operations at the commencement of statute of
limitations period for Plaintiff's individual and class claims.  While in certain instances it might

---

[15]      Complaint Filing Date (11/5/09) – 4 year SOL (UCL - *Cal. B&P Code* § 17208, Unjust
Enrichment – *Cal. Civ. Proc. Code* § 338 (a) and Breach of Contract – *Cal. Civ. Proc. Code* §
337 (1)) = November 5, 2005 – *Thorogood* Class Action (Filing Date: 3/9/06 to Decertification
Date: 10/28/08; 2 yrs, 7 months, 16 days) = March 17, 2003.

Murray v. Sears, et al.
February 24, 2010
Page 11

be proper to deny discovery of documents on the ground that they would only be relevant to events occurring before an applicable limitations period, where the information is otherwise relevant, that **statute of limitations** is not a basis for barring discovery.  *In re Sulfuric Acid Antitrust Litigation* (N.D. Ill 2005) 231 F.R.D. 351, 357-358.

**General Objection No. 19:**  No bifurcation of discovery exists in this case.  The complaint addresses for the **general public** all marketing business practices and retail sales transactions throughout the United States, including California, regarding the quality, characteristic and benefit claim of Defendants' Products as consisting of a "stainless steel" drum when in fact the drum consists of mild steel parts which is a lower quality product as alleged in the Complaint during the relevant time periods of the statute of limitations for each cause of action alleged therein.  (Complaint, ¶57).  See also Plaintiff's contentions in response to General Objection No. 20.

**General Objection No. 20:**  [Relevancy – RFP Nos. 4, 5, 13, 14, 36-39, 42, 43, 46, 47, 49, 50, 51, 53, 54, 57-65, Interrog Nos. 3, 9, 15, 17-20]  Each inquiry is reasonably calculated to lead to the discovery of admissible evidence regarding the issue(s) framed by the complaint on file in this action.  "**Relevancy**" in discovery context is to be construed liberally, and must be determined and limited by context of facts and circumstances of each particular case. *Williams v. Cyanamid* (D.N.J. 1993) 164 F.R.D. 615.  Scope of permissible discovery is broad and encompasses any matter that bears on, or that could reasonably lead to other matters that could bear on, an issue that is or may be in the case. *Upchurch v. USTNET, Inc.* (D. Ore. 1994) 158 F.R.D. 157, 159; See also, *Ares-Serono, Inc. v Organon Intern, B.V.* (D.Mass. 1993) 141 F.R.D. 215, 219.  When discovery sought appears relevant, **party resisting discovery bears burden** of establishing lack of relevancy by demonstrating that requested discovery either does not come within the **broad** scope of relevancy or is of such marginal relevance that potential harm occasioned by discovery would outweigh ordinary presumption in favor of broad disclosure. *Leighr v. Beverly Enterprises-Kansas, Inc.* (D. Kan. 1996) 164 F.R.D. 550.

This action is brought by Plaintiff Murray, individually and on behalf of others similarly situated, to obtain equitable relief, declaratory relief, damages, restitution and/or other remedies, for violations by Defendants Sears, Roebuck and Co. ("Sears") as a retailer and Electrolux Home Products, Inc. ("Electrolux") as a manufacturer (collectively "Defendants") of, inter alia, state consumer protection statutes, in connection with Defendants' course of conduct arising out of the wrongful disclosure, omissions of material fact, advertising and sale of certain consumer products, styled Kenmore-brand laundry dryers with a purported stainless steel drum ("subject products").

The subject discovery bear on the **necessary and relevant issues** of this case involving plaintiff's individual and class claims for violation of the California Consumer Legal Remedies

Murray v. Sears, et al.
February 24, 2010
Page 12

Act ("CLRA") *Cal. Civil Code* §§1770(a)(5), (7) and/or (9), violation of the California Unfair Competition Law ("UCL") *Cal. Bus. & Prof. Code* §17200, Unjust Enrichment and Breach of Contract which include, inter alia, 1) whether Defendants' "stainless steel" disclosures and/or omissions of material facts related thereto for the products are uniform and likely to mislead and/or has misled Sears' customers and the general public, including Plaintiff, [16] 2) the effect and extent of Defendants' "stainless steel" disclosures and/or omissions of material facts related thereto for other Kenmore dryers, and 3) the resulting sales of the subject products by Defendants.

As stated in the case of *Doninger v. Pacific Northwest Bell* (9th Cir. 1977) 564 F.2d 1304, it is true that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the **sole possession** of the defendant.[citations]  In the instant case the disputed discovery is likely to produce substantiation of the common issues of fact for the class allegations.

The scope of the evidence sought in discovery and to be introduced at trial is directly relevant to plaintiff's false, misleading and/or deceptive advertising claim against Defendants as set forth in Counts 1 & 2 for violations of the CLRA and UCL that may involve **similar business practices.**

> "The Consumers Legal Remedies Act, enacted in 1970, 'established a nonexclusive statutory remedy for "unfair methods of competition and unfair or deceptive acts **or practices** undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer...." [Citation.]' " *(Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139, 1154.) "The self-declared purposes of the act are 'to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.' (*Cal. Civ. Code*, §1760 ....)" (*Hogya v. Superior Court* (1977) 75 Cal.App.3d 122, 135.) The Consumers Legal Remedies Act is supplemental to remedies available under other statutory and case law; moreover, actions brought under the act are governed exclusively by its own provisions. [Ibid.; see also *Cal. Civ. Code*, §1752 (the CLRA to be liberally construed.] *Wang v. Massey Chevrolet* (2002) 97 Cal.App.4th 856, 869.

---

[16]     The exact time and particular place of each factual omission and misrepresentation are properly the subject of discovery"    *People v. Highland Federal Savings and Loan* (1993) 14 Cal. App. 4th 1692, 1700 and 1718.

Murray v. Sears, et al.
February 24, 2010
Page 13

"In proving an unfair business practice violation, claimants are **entitled** to introduce evidence not only of practices which affect them individually, but also **similar practices involving other members of the public who are not parties to the action**… [T]he trial court restricted the scope of the evidence introduced at trial to that directly relevant to each individual plaintiff. Consequently, the case **must** be remanded for retrial of this claim."   *Cisneros v. U.D. Registry Inc.* (1995) 39 Cal. App. 4th 548, 564.

The scope of Plaintiff's CLRA and UCL claims involve all relevant business practices of Defendants regarding the disclosure and omission of material facts regarding the "stainless steel" drum feature of the Kenmore dryer products.

This case is not limited to the product purchased by Plaintiff but rather places at issue Defendants' marketing business practices.  Discovery of the extent of the products that Defendants have offered for sale with a "stainless steel" drum disclosure is reasonably calculated to lead to the discovery of admissible evidence of Defendants' alleged wrongdoing.

Plaintiff's sales transaction of the purchased item is the vehicle that continues to bring at issue in this case Defendants' business practices, identified *supra*.  The subject discovery targets similar business practices by Defendants implemented for advertising and selling other Kenmore dryer products.   The requested discovery is also necessary to support Plaintiff's requested injunctive relief as an available remedy under *Cal. Civil Code* §1780(a)(2) and *Cal. Bus. & Prof. Code* §17203 to deter Defendants' on-going business practices at issue, if deemed appropriate by the court.

Under the specific powers granted under the Consumer Legal Remedies Act ("CLRA", *Cal. Civil Code §§ 1750 et seq.*) the court is empowered to order:    "An order enjoining the methods, acts, or practices" *Civil Code* §1780(a) (2), "punitive damages" *Cal. Civil Code* §1780(a) (4), and **"any other relief that the court deems proper."** *Cal. Civil Code §1780(a)(5).* CLRA remedies are not limited to restitution, because restitution is separately listed as a remedy under §1780 (a) (3). Therefore, the statute clearly provides for equitable remedies over and above restitution.

In the instant case, Plaintiff is also seeking punitive damages under, inter alia, his CLRA claim as well as injunctive relief. The relevancy of discovery for purposes of seeking information to assist a Plaintiff in the prosecution of the merits of his/her individual consumer claims seeking relief to deter a corporation's course of wrongful conduct under consumer statutes has been reviewed in the case of *Experian Information Solutions, Inc. v. Superior Court (Sorensen)* (2006) 138 Cal.App.4th 122.   The *Experian* Court determined that a trial court's discovery order

Murray v. Sears, et al.
February 24, 2010
Page 14

allowing Sorensen to seek evidence other debtors were similarly subjected to inaccurate debt reporting could support Sorensen's claim that the scale of Experian's wrongful conduct was significant and reasonably calculated to lead to the discovery of admissible evidence to **support a claim for punitive damages**.  "With regard to punitive damages, in *Johnson v. Ford Motor Co.* (2005) 35 Cal.4th 1191, 1207-1208, the California Supreme Court stated, "[n]othing the high court has said about due process review requires that California juries and courts ignore evidence of **corporate policies and practices** and evaluate the defendant's harm to the plaintiff in isolation. [¶ ] California law has long endorsed the use of punitive damages to deter continuation or imitation of a corporation's course of wrongful conduct, and hence allowed consideration of that conduct's scale and profitability in determining the size of award that will vindicate the state's legitimate interests."  Both punitive damages and injunctive relief are sought to deter a corporation's course of wrongful conduct as cited in the *Experian* case.  As addressed by the *Experian* Court, discovery in pursuit of these forms of redress may be made after denial of class certification and sought in a consumer plaintiff's **individual claim**.

The *Thorogood* Case, which was defended by the same defense counsel for Defendant Sears along with a "Common Interest Agreement" between Sears and Electrolux, alleges a similar set of general operative facts against Defendants with extensive discovery. The requested discovery in the *Thorogood* Case is reasonably calculated to lead to the discovery of admissible factual evidence in this case, e.g. as a party admission, on such parallel factual issues of Defendants' subject business practices.

Plaintiff's inquiry into what and when "stainless steel" drum disclosures for the subject products are made on Sears' Internet website is reasonably calculated to lead to the discovery of admissible evidence of the adequacy of such disclosures that the court may utilize in the exercise of its equitable remedies regarding Defendant's disclosure practices that are at issue and/or may be asserted by Defendants as a defense in this case.

**General Objection No. 21:**  The fact that responsive documents have already been produced to plaintiff's counsel in *Thorogood v. Sears, Roebuck and Co.*, N.D. Ill. Case No. 06-1999, who is also plaintiff's counsel in this action and, as such, are already in the custody and control of plaintiff's counsel is unavailing because Mr. Murray's attorney, Mark Boling is unable to access or use such discovery in the prosecution of this case.

**General Objection No. 22:**  [Equally Available – RFP Nos. 51, 61-64; In Plaintiff's possession – RFP Nos. 1]  Defendant's objection to Plaintiff's discovery request on ground that it sought information and documents equally available to defendant is not a valid objection.  See, *St. Paul Reinsurance Co. v. Commercial Financial* (N.D. Iowa 2000) 198 F.R.D. 508, 514.  With respect to information/documentation that is purportedly already in Plaintiff's possession, Defendant fails to identify such information or documentation to enable Plaintiff to respond.  Plaintiff requests that

Murray v. Sears, et al.
February 24, 2010
Page 15

Defendant state in their responses to each discovery request the specific identification of each document by Bates label or sufficiently otherwise for each document produced or to be produced for each objection(s) by Defendants that the document was already in Plaintiff's possession to enable Plaintiff to determine the validity of the objection or correlate the information/documentation to the requested discovery for presenting at time of trial.

**General Objection No. 23:**  [Court Order Protection – RFP Nos. 61-64] No court order exists in this case to protect any information.  Any protected documents in the *Thorogood* case can be managed with a protective order in this case.  Moreover, during the Rule 26(f) teleconference on January 19, 2010, counsel for Sears and Electrolux were amenable to producing the *Thorogood* discovery in this case subject to a protective order, which they have failed to timely secure before providing discovery responses.

Plaintiff has submitted to each Defendant **at the time of** serving the subject discovery a proposed Stipulation for Protective Order to address the issue of confidentiality.  Defendants have dragged its feet with Plaintiff and failed to secure a timely protective order prior to serving its discovery responses and therefore Plaintiff will seek a Request for Protective Order to resolve such issues, if a meet and confer is unsuccessful.

**General Objection No. 24:**  [Duplicative – RFP Nos. 6, 8, 10, 15-25, 35, 40, 41, Interrog No. 15] Defendant's objections on the grounds that discovery request is cumulative or duplicative is without merit.  Defendant fails to identify which requests correlate to another request to justify an objection of cumulative or duplicative to enable Plaintiff to respond.

If Defendant's response to a request may be consumed in another request, then please state that fact.  For example, if Defendant's substantive response to RFP Nos. 15 & 16 would be included in RFP Nos. 19 & 20, (or Interrog No. 6 would be included in Interrog No. 9) then please state so by incorporating language for the record without the need to reiterate the full response or produce the same documents twice.  However, each request has its own purpose in this case at time of trial, and is reasonably calculated to lead to the discovery of admissible evidence to support, inter alia, Plaintiff's individual claims and similar practices. See, *Cisneros v. U.D. Registry Inc.* (1995) 39 Cal. App. 4th 548, 564.

With respect to the difference between Interrog Nos. 6 and 11, the use of the word "reason" seeks the motive and the use of the word "justification" seeks the basis for the Kenmore laundry dryer, model 417.91052000 having the words "stainless steel" printed on the exterior portion of the dryer.  Each request presents a different inquiry.

Murray v. Sears, et al.
February 24, 2010
Page 16

Plaintiff requests that Defendant state in their responses to each discovery request the specific correlating cumulative or duplicative discovery request to enable Plaintiff to determine the validity of the objection.

**General Objection No. 25:**  [Confidential of Third Parties – RFP Nos. 52-54, 61-64]  Plaintiff is amenable to having this Defendant identify only such documents or information that is confidential information of third parties (other than Defendant Electrolux) that Sears is under an obligation to not disclose.  With respect to information received from Defendant Electrolux, Plaintiff has submitted to each Defendant **at the time of** serving the subject discovery a proposed Stipulation for Protective Order to address the issue of confidentiality.  Defendants have dragged its feet with Plaintiff and failed to secure a timely protective order prior to serving its discovery responses and therefore Plaintiff will seek a Request for Protective Order to resolve such issues, if a meet and confer is unsuccessful.

**General Objection No. 26:**  [Not relevant to Class Cert – RFP Nos. 3-31, 35-61, 63-65, Interrog Nos. 1-16]  No bifurcation of discovery exists in this case.  Plaintiff's discovery seeks to properly and simultaneously pursue relevant information regarding his individual claims and information to establish the requirements of numerosity and predominant issues of common fact necessary for class claims.  See also, Plaintiff's contentions regarding "Relevancy" in response to General Objection No. 20.

**General Objection No. 27:**  Plaintiff's discovery requests seek factual information.  Defendant fails to identify any specific request calling for a legal conclusion.

**General Objection No. 28:**  [Confidentiality – RFP Nos. 40, 52-54]  Plaintiff has submitted to each Defendant **at the time of** serving the subject discovery a proposed Stipulation for Protective Order to address the issue of confidentiality.  Defendants have dragged its feet with Plaintiff and failed to secure a timely protective order prior to serving its discovery responses and therefore Plaintiff will seek a Request for Protective Order to resolve such issues, if a meet and confer is unsuccessful.

**General Objection No. 29:**  Plaintiff is amenable to having Sears reserve its right to object to the use or admissibility of any evidence at trial.

**Objections to Specific Discovery Requests:**  Plaintiff incorporates herein each of his responses to the General Objections that are specifically reiterated in Request for Production Nos. 1-65.

Murray v. Sears, et al.
February 24, 2010
Page 17


**PLAINTIFF'S RESPONSE TO OBJECTIONS TO INTERROGATORIES:**

Plaintiff incorporates fully herein his position in response to each objection raised by Defendant in its Response to Demand for Production of Documents Set No. One, which are also set forth in Defendant's Responses/Objections to Plaintiff's First Set of Interrogatories. Although the numbering system of the General Objections for this discovery device is different than that set forth in the Production of Documents request, the content remains the same.  Therefore, Plaintiff has grouped the specific interrogatories into the respective general objection(s), supra, for economy and convenience.

Please consider this letter a good faith meet and confer regarding the discovery disputes set forth herein.  Should these disputes not be timely resolved, Plaintiff will seek a discovery order compelling further substantive responses and/or production of documents without objections for each discovery request remaining in dispute.

Since your client's foregoing objections are set forth in written responses, which you signed in accordance with *F.R.C.P.* Rule 11(a), I will presume that they "are warranted by existing law" or constitute "nonfrivolous arguments" and you are already, or will be, fully prepared to engage in a meaningful discussion of the legal points and authorities for your client's objections and our aforementioned contentions at our conference.

I trust that we can resolve these discovery disputes amicably without the necessity of judicial intervention.

Sincerely,

*Mark Boling*

MARK BOLING


cc. C. Krislov, A. Keller, P. Oliss