IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MURRAY,<br><br>          Plaintiff,<br><br>     v.<br><br>SEARS, ROEBUCK AND CO., et al.,<br><br>          Defendants._____/ | No. 09-05744 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS AND DENYING DEFENDANTS' MOTION TO STAY DISCOVERY |

Plaintiff Martin Murray charges Defendants Sears, Roebuck and Co. and Eletrolux Home Products, Inc. with violating California consumer protection statutes in connection with certain Kenmore laundry dryers. Defendants move to stay discovery pending a final ruling issued by the United States Court of Appeals for the Seventh Circuit resolving Sears' motion for a permanent injunction in Thorogood v. Sears, Roebuck & Co., No. 10-2407 (Thorogood III). Defendants argue that, once the appeal is decided, Plaintiff will be estopped from bringing the instant case as a class action. Whether this case will proceed as a class action impacts the manner in which discovery progresses. In the alternative, Defendants move

1  to strike the class allegations from Plaintiff's complaint as
2  barred by collateral estoppel based on upon prior rulings by the
3  Seventh Circuit in Thorogood v. Sears, Roebuck & Co., 547 F.3d 742
4  (7th Cir. 2008) (Thorogood I) and Thorogood v. Sears, Roebuck &
5  Co., 595 F.3d 750 (7th Cir. 2010) (Thorogood II).  Plaintiff
6  opposes the motion and seeks to engage in class certification
7  discovery immediately.  After having heard oral argument and read
8  all of the papers filed by the parties, the Court denies
9  Defendants' motion to stay and grants Defendants' motion to strike.

BACKGROUND

Plaintiff Murray filed the present case on November 9, 2009, alleging causes of action under the California Consumer Legal Remedies Act and the California Unfair Competition Law, unjust enrichment and breach of contract based on allegations similar to those raised in Thorogood.[1]  Plaintiff seeks to bring his claims as a class action.

The parties dispute the similarities between the instant case and Thorogood.  In Thorogood, the plaintiff sought certification of a class of consumers from twenty-nine jurisdictions, including California.  The class consisted of individuals who had purchased the same Kenmore brand clothes dryers at issue in the instant case. In both Thorogood and the instant case, the issue is whether these dryers were marketed using deceptive trade practices which misled consumers to believe that the dryers contained drums that were 100% stainless steel.

---

[1] The Court takes judicial notice of the filings and court orders in the Thorogood cases.

2

The district court certified the class in Thorogood, but the Seventh Circuit reversed.  Thorogood filed a petition for rehearing and rehearing en banc, which the court denied.  He filed a petition for writ of certiorari with the United States Supreme Court, which was also denied.

After the case was remanded to the district court, Sears served Thorogood with a Federal Rule of Civil Procedure 68 offer of judgment.  After Thorogood did not respond to the offer, Sears moved to dismiss the case, arguing that once Thorogood rejected an offer of judgment consisting of all the relief he could have received had he prosecuted the case to judgment, the case became moot and the court should dismiss it for lack of subject matter jurisdiction.  The court agreed and gave Thorogood two weeks to accept Sears' offer of judgment.  If he did not, it would grant Sears' motion to dismiss.  Thorogood filed a motion for reconsideration asking the court to entertain a revised motion for class certification based on allegedly newly discovered evidence from other similarly situated people.  The court denied Thorogood's request and dismissed the case.  Thorogood then appealed the district court's dismissal and its denial of leave to file a revised motion for class certification.  The Seventh Circuit affirmed the district court's order and denied Thorogood's petition for rehearing and rehearing en banc.

On March 15, 2010, Sears filed in the Northern District of Illinois a motion for a permanent injunction which would have enjoined members of the decertified Thorogood I class, including Plaintiff Murray here, and their lawyers, from seeking

3

certification of a class in any other court based on the same allegations made in Thorogood I.  This Court stayed proceedings in this case pending a decision on the motion for a permanent injunction.

On May 18, the Northern District of Illinois denied Sears' motion.  The court noted that the All Writs Act can be used to "'effectuate and prevent the frustration of orders' a court 'has previously issued in its exercise of jurisdiction.'"  Defendants' Request for Judicial Notice (RJN), Exh. 9, 3:1-3 (quoting United States v. New York Tel. Co., 434 U.S. 159, 172 (1977)).  It held that the Thorogood decisions "concerned only a national class.  The Murray case concerns only a single state class.  This Court need not protect or effectuate its order with an injunction because its order is not being challenged by the Murray litigation or any other litigation."  RJN, Exh. 9, 3:22-4:1.  The court also held that an injunction was inappropriate because Sears had an adequate remedy at law in that it could assert a collateral estoppel defense in the Murray litigation.  Sears appealed this decision to the Seventh Circuit.

I.    Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994).  A matter is immaterial if it has no essential or important relationship to the claim for relief plead.

4

Id. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. Id. Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. Tietsworth v. Sears Roebuck & Co., 2010 WL 1268093 (N.D. Cal.).

Collateral estoppel, or issue preclusion, bars re-litigation of issues when:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006). However, "it is inappropriate to apply collateral estoppel when its effect would be unfair." Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa., 873 F.2d 229, 234 (9th Cir. 1989).

Plaintiff disputes that the class certification issues necessarily decided in the previous proceeding are identical to those presently before the Court. The Court looks to four factors to aid in "[d]etermining whether two issues are identical for purposes of collateral estoppel: (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding? (3) could pretrial

5

1  preparation and discovery related to the matter presented in the
2  first action reasonably be expected to have embraced the matter
3  sought to be presented in the second? and (4) how closely related
4  are the claims involved in the two proceedings?"  Resolution Trust
5  Corp. v. Keating, 186 F. 3d 1110, 1116 (9th Cir. 1999) (citations
6  omitted).

7      In the present case, Plaintiff claims that he is "alleging [a]
8  sufficiently similar general set of operative facts as alleged" in
9  Thorogood.  Comp. ¶ 50.  In both cases, the claim is that Sears
10 misrepresents its dryers as containing a "stainless steel" drum,
11 when in fact the drum includes mild steel parts.  The plaintiff in
12 the Thorogood case argued that certification in that case was
13 proper because, despite the fact that individuals from twenty-nine
14 different states would be included in the class, "all litigants are
15 governed by the same legal rules."  RJN, Ex. 1.

16     The Seventh Circuit decertified the class because,

> not only do common issues of law or fact not predominate
> over the issues particular to each purchase and purchaser of
> a "stainless steel" Kenmore dryer, as Rule 23(b)(3) of the
> Federal Rules of Civil Procedure requires, but there are no
> common issues of law or fact, so there would be no economies
> from class action treatment.

Thorogood I, 547 F.3d at 747 (emphasis in original).  The Seventh
Circuit summarized Thorogood's allegation as follows:

> The plaintiff claims to believe that when a dryer is labeled
> or advertised as having a stainless steel drum, this
> implies, without more, that the drum is 100 percent
> stainless steel because otherwise it might rust and cause
> rust stains in the clothes dried in the dryer.  Do the other
> 500,000 members of the class believe this?  Does anyone
> believe this besides Mr. Thorogood?  It is not as if Sears
> advertised the dryers as eliminating a problem of rust
> stains by having a stainless steel drum.  There is no
> suggestion of that.  It is not as if rust stains were a

6

> common concern of owners of clothes dryers.  There is no suggestion of that either, and it certainly is not common knowledge.

Id. (emphasis in original).  The Seventh Circuit concluded that the plaintiff's concerns were "idiosyncratic" and that the "evaluation of the class members' claims will require individual hearings."  Id.  The Seventh Circuit also noted that,

> In granting class certification, the district judge said that because "Sears marketed its dryers on a class wide basis . . . reliance can be presumed."  Reliance on what?  On stainless steel preventing rust stains on clothes?  Since rust stains on clothes do not appear to be one of the hazards of clothes dryers, and since Sears did not advertise its stainless steel dryers as preventing such stains, the proposition that the other half million buyers, apart from Thorogood, shared his understanding of Sears's representations and paid a premium to avoid rust stains is, to put it mildly, implausible, and so would require individual hearings to verify.

Id. at 748.  In sum, the "deal breaker" against Thorogood's class allegations was "the absence of any reason to believe that there is a single understanding of the significance of labeling or advertising clothes dryers as containing a 'stainless steel drum.'"  Id.

Plaintiff primarily argues that collateral estoppel should not apply because the Seventh Circuit rejected a multi-state class whereas he seeks to certify a California-only class.  Notably, however, the Seventh Circuit did not decertify the class because of variation in state law among the twenty-nine jurisdictions.  In fact, the Seventh Circuit did not even address the issue.  As noted above, the Seventh Circuit stated that it was "implausible" that any other potential class members, including those in California, shared Thorogood's understanding of "Sears's representations and

7

1  paid a premium to avoid rust stains." Id. at 747.
2       The cases that Plaintiff relies on in which a court declined
3  to preclude single-state classes after nation-wide class
4  certification was rejected are inapposite.  In those cases, the
5  courts examined the rationale for denial of nation-wide class
6  certification and determined that the rationale did not preclude
7  the certification of the state-wide class before them.  They
8  concluded that the obstacles to class certification identified by
9  the earlier court were not present in the later case. See Salgado
10 v. Wells Fargo Fin., Inc., 2008 U.S. Dist. LEXIS 78699 (E.D. Cal.);
11 Szittai v. Wells Fargo Fin., Inc., 2008 WL 4647739 (N.D. Ohio);
12 Kirkland v. Wells Fargo Fin., Inc., 2008 WL 5381952 (N.D. GA).
13 However, in the present case, Plaintiff relies on the same alleged
14 misrepresentations rejected by the Seventh Circuit and the
15 rationale of the Seventh Circuit is directly applicable.
16      Plaintiff also argues that the legal issues in Thorogood and
17 the instant case are not identical because California law allows
18 for a presumption of reliance to enable certification of class
19 claims based on alleged material misrepresentations.  He argues
20 that "Plaintiff Thorogood never asserted on behalf of the putative
21 class members California's objective examination of whether the
22 misrepresentation was material or the 'reasonable consumer'
23 standard of reliance."  Opposition at 17 (emphasis in original).
24 However, the Seventh Circuit concluded that Thorogood's
25 understanding of Sears' stainless steel representation, was "almost
26 certainly unreasonable." Thorogood II, 595 F.3d at 753.  In the
27 instant case, Plaintiff proffers the same understanding of Sears'

8

stainless steel representation as the plaintiff did in Thorogood. In sum, the Court finds that Defendants satisfied the identity requirement of the collateral estoppel doctrine.

B.   Final Judgment on the Merits

"To be 'final' for collateral estoppel purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291. A 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect." Luben Industries, Inc. v. United States, 707 F.2d 1037, 1040 (9th Cir. 1983) (citing Miller Brewing Co. v. Jos. Schlitz Brewing Co., 605 F.2d 990, 996 (7th Cir. 1979); Restatement (Second) of Judgments § 13 (1982)). Luben relies on comment g to § 13 of the Restatement, which discusses factors that are relevant to the determination of "firmness":

> [P]reclusion should be refused if the decision was avowedly tentative. On the other hand, that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for purpose of preclusion.

Id. Here, Thorogood extensively litigated the class certification issue in the district court in the Northern District of Illinois, in the Seventh Circuit on appeal and on a petition for rehearing and in the U.S. Supreme Court on a petition for writ of certiorari. Thorogood pursued every available avenue to litigate class certification and the courts gave the issue thorough consideration. Accordingly, the Court finds that the issue is "sufficiently firm" to be accorded conclusive effect.

9

## C. Party Against Whom Collateral Estoppel Is Asserted

Plaintiff claims that collateral estoppel does not apply in this case because he was not "fully represented in the Thorogood matter." Opposition at 23. He argues that he had "no proprietary interest in or control of the Thorogood case" and that he was "not a named plaintiff, a class representative, a witness or a deponent in the Thorogood case. Id. at 24. These arguments are not persuasive.

In a class action, "a person not named as a party may be bound by a judgment on the merits of the action, if she was adequately represented by a party who actively participated in the litigation." Taylor v. Sturgell, 128 S. Ct. 2161, 2167 (2008). That Plaintiff was not a named plaintiff, class representative, witness or deponent in the Thorogood is not significant because such is the case with virtually every member in every class action. Here, the issue is whether Plaintiff was adequately represented in the Thorogood case, and the Court finds that he was. The district court in the Northern District of Illinois found that Thorogood and his lawyers furnished adequate representation to the other members of the putative class. That decision was not challenged on appeal and is not seriously contested now. Further, it is important to note that Plaintiff is represented by the same lead counsel who represented the class of which he was a member in Thorogood. This makes Plaintiff's conduct appear to be an example of "deliberate maneuvering to avoid the effects of" Thorogood. Tice v. Am.

10

Airlines, 162 F.3d 966, 971 (7th Cir. 1998).[2]

In sum, although rejection of a multi-state class does not ipso facto foreclose all single-state class actions, the analysis in the Seventh Circuit's decision and the similarities between the factual allegations and legal theories in that case and this case, require the application of collateral estoppel. Accordingly, the Court strikes Plaintiff's class action allegations as barred by collateral estoppel.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to strike. Docket No. 96. Within seven days from the date of this Order, Plaintiff may file an amended class action complaint which includes allegations sufficiently different from the Thorogood complaint so as to avoid the application of collateral estoppel. Defendants shall notice any motion to strike those class allegations for a hearing on September 7, 2010, the same date as the next case management conference.

Defendants' motion to stay discovery pending a final ruling issued by the Seventh Circuit resolving Sears' motion for a permanent injunction in Thorogood III is denied as moot. Because the Court has concluded that Plaintiff cannot proceed on his class allegations, the Court need not wait for a decision by the Seventh

---

[2] The fact that Electrolux was not a party in Thorogood does not preclude giving collateral estoppel effect to a determination necessarily made in that case, if Thorogood had a full and fair opportunity to litigate on the issue determined. See, e.g., Miller Brewing, 605 F.2d 990, 992 (7th Cir. 1979). As noted above, the Court finds that he did. Moreover, Plaintiff does not raise this argument in his brief.

11

Circuit. However, in the interest of judicial economy, if Plaintiff files an amended complaint and Defendants again move to strike class allegations, the discovery stay will remain in effect until this Court issues a ruling on Defendants' motion to strike. If Plaintiff does not file an amended complaint, the stay on discovery will be lifted and Plaintiff may commence discovery on his individual claims.

IT IS SO ORDERED.

Dated: 07/21/10

_____
CLAUDIA WILKEN
United States District Judge