IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MURRAY,<br><br>        Plaintiff,<br><br>    v.<br><br>SEARS, ROEBUCK AND CO. and ELECTROLUX HOME PRODUCTS, INC.,<br><br>        Defendants. | No. 09-05744 CW<br><br>ORDER DENYING ELECTROLUX HOME PRODUCTS' MOTION FOR ADMINISTRATIVE RELIEF |

   In opposing Plaintiff's motion for relief from the discovery stay in this case, Electrolux filed in the public record a letter which describes a document produced in <u>Thorogood</u>.  The letter was written by Plaintiff's counsel and it challenges the confidential designations of certain material.  In relevant part, the letter states,

> Portions of the document produced in the <u>Thorogood</u> Case as Bates-label no. ELE 269, including a) fax transmission header, b) "<u>5. Drum Front</u> . . . The other issue with this part is whether we need to have this component in stainless.  The only time this is visible is when you stick your head inside the drum and look at the drum front," and c) "<u>5. Drum Front</u> . . . Action: . . . Marketing requirement confirmed for this part to be stainless.  This should be determined prior to any additional run on this component.  The elimination of stainless in this area will have a favorable cost impact."

Electrolux did not seek to file the letter under seal.  However, Electrolux did mark confidential the document from which Plaintiff's counsel quoted, ELE 269.

1    In opposing Defendant's motion to stay discovery and strike
2 the class allegations, Plaintiff's counsel quoted from ELE 269 and
3 argued that Electrolux waived any right to confidentiality
4 concerning that document.  <u>See</u> Opp. at 3 n.5.  Plaintiff's counsel
5 attached ELE 269 to his own declaration, removed the
6 confidentiality markings, and redacted the entire document except
7 for the language quoted in the above described letter.  Electrolux
8 now moves to place redacted ELE 269 under seal and for an order
9 "requiring [Plaintiff] and his counsel to comply with Civil Local
10 Rule 79-5(d) and the Protective Order Governing Confidential
11 Materials."  Motion at 1.

12    It appears that both Plaintiff's counsel and Electrolux are to
13 blame for the instant dispute.  If Electrolux wished to keep the
14 contents of ELE 269 out of the public record, it should not have
15 filed the letter from Plaintiff's counsel in the public record in
16 the first place; and Plaintiff's counsel should not have taken it
17 upon himself to remove confidentiality markings and file ELE 269 in
18 the public record.  If either party wishes to file documents under
19 seal, it shall follow the rules outlined in Civil Local Rule 79-5.
20 At this juncture, the Court will not place redacted ELE 269 under
21 seal because Electrolux has not followed the proper procedures for
22 requesting that it do so.  Accordingly, Electrolux's motion is
23 denied (Docket No. 101).

24    IT IS SO ORDERED.

25 Dated: 07/22/10

  _____
  CLAUDIA WILKEN
  United States District Judge

2