IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN MURRAY,

    Plaintiff,

  v.

SEARS, ROEBUCK AND CO., et al.,

    Defendants.
                              /

No. 09-05744 CW

ORDER DENYING DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

    Plaintiff Martin Murray charges Defendants Sears, Roebuck and Co. and Electrolux Home Products, Inc. with violating California consumer protection statutes in connection with certain Kenmore laundry dryers. Defendants move to strike the class allegations from Plaintiff's complaint as barred by collateral estoppel based upon prior rulings by the Seventh Circuit in <u>Thorogood v. Sears, Roebuck & Co.</u>, 547 F.3d 742 (7th Cir. 2008) (<u>Thorogood I</u>), and <u>Thorogood v. Sears, Roebuck & Co.</u>, 595 F.3d 750 (7th Cir. 2010) (<u>Thorogood II</u>). Plaintiff opposes the motion. After having read all of the papers filed by the parties, the Court denies Defendants' motion to strike.

BACKGROUND

Plaintiff Murray filed the present case on November 9, 2009, alleging causes of action under the California Consumer Legal Remedies Act and the California Unfair Competition Law, unjust enrichment and breach of contract based on allegations similar to those raised in Thorogood.[1]  Plaintiff seeks to bring his claims as a class action.

The parties dispute the similarities between the instant case and Thorogood.  In Thorogood, the plaintiff sought certification of a class of consumers from twenty-nine jurisdictions, including California.  The class consisted of individuals who had purchased the same Kenmore brand clothes dryers at issue in the instant case. In both Thorogood and the instant case, the issue is whether these dryers were marketed using deceptive trade practices which misled consumers to believe that the dryers contained drums that were 100% stainless steel.

The district court certified the class in Thorogood, but the Seventh Circuit reversed.  Thorogood filed a petition for rehearing and rehearing en banc, which the court denied.  He filed a petition for writ of certiorari with the United States Supreme Court, which was also denied.

After the case was remanded to the district court, Sears served Thorogood with a Federal Rule of Civil Procedure 68 offer of judgment.  After Thorogood did not respond to the offer, Sears moved to dismiss the case, arguing that once Thorogood rejected an

---

[1]The Court takes judicial notice of the filings and court orders in the Thorogood cases.

offer of judgment consisting of all the relief he could have received had he prosecuted the case to judgment, the case became moot and the court should dismiss it for lack of subject matter jurisdiction.  The court agreed and gave Thorogood two weeks to accept Sears' offer of judgment.  If he did not, it would grant Sears' motion to dismiss.  Thorogood filed a motion for reconsideration asking the court to entertain a revised motion for class certification based on allegedly newly discovered evidence from other similarly situated people.  The court denied Thorogood's request and dismissed the case.  Thorogood then appealed the district court's dismissal and its denial of leave to file a revised motion for class certification.  The Seventh Circuit affirmed the district court's order and denied Thorogood's petition for rehearing and rehearing en banc.

On June 10, 2010, Defendants filed a motion to strike the class action allegations from Plaintiff's complaint, the same relief requested in the instant motion.  On July 22, 2010, the Court granted Defendants' motion to strike and granted Plaintiff leave to amend his complaint to include "allegations sufficiently different from the Thorogood complaint so as to avoid the application of collateral estoppel."  Order at 11.  Plaintiff has filed an amended complaint and Defendants have filed the instant motion to strike.

DISCUSSION

I.   Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent or

3

scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>reversed on other grounds</u>, 510 U.S. 517 (1994). A matter is immaterial if it has no essential or important relationship to the claim for relief plead. <u>Id.</u> A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. <u>Id.</u> Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. <u>Tietsworth v. Sears Roebuck & Co.</u>, 2010 WL 1268093 (N.D. Cal.).

    Plaintiff argues that the Court should analyze under California law the preclusive effect of the federal decision. In a diversity action, the Court must apply the collateral estoppel rules of the forum state. <u>Semtek Int'l v. Lockheed Martin Corp.</u>, 531 U.S. 497, 508 (2001) ("Since state, rather than federal, substantive law is at issue there is no need for a uniform federal rule. . . . This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits."). Under California law, the preclusive effect of a federal court judgment or order is resolved according to federal law. <u>Greenwich Ins. Co. v. Media Breakaway, LLC</u>, 2009 WL 2231678, at *5 (C.D. Cal.) (citing <u>Younger v. Jensen</u>, 26 Cal. 3d 397, 411 (1980) ("A federal judgment has the same effect in the courts of this state as it would have in a federal court."); <u>see also</u> <u>AT&T</u>

4

Communications-East Inc. v. Central Puget Sound Regional Transit Authority, 2008 WL 2790228, at *6 (W.D. Wash.); Schoenleber v. Harrah's Laughlin, Inc., 423 F. Supp. 2d 1109, 1111 (D. Nev. 2006). Because Defendants seek to preclude class certification here as estopped by a previous federal court order, federal law regarding collateral estoppel will be applied to the present case.

Collateral estoppel, or issue preclusion, bars re-litigation of issues when:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006). However, "it is inappropriate to apply collateral estoppel when its effect would be unfair." Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa., 873 F.2d 229, 234 (9th Cir. 1989).

Only the first element of collateral estoppel is at issue in this motion. Plaintiff disputes that the class certification issues necessarily decided in the previous proceeding are identical to those presently before the Court. The Court looks to four factors to aid in "[d]etermining whether two issues are identical for purposes of collateral estoppel: (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding? (3) could pretrial

5

preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? and (4) how closely related are the claims involved in the two proceedings?" <u>Resolution Trust Corp. v. Keating</u>, 186 F. 3d 1110, 1116 (9th Cir. 1999) (citations omitted).

The Seventh Circuit decertified the class in <u>Thorogood</u> because,

> not only do common issues of law or fact not predominate over the issues particular to each purchase and purchaser of a "stainless steel" Kenmore dryer, as Rule 23(b)(3) of the Federal Rules of Civil Procedure requires, but there are <u>no</u> common issues of law or fact, so there would be no economies from class action treatment.

<u>Thorogood I</u>, 547 F.3d at 747 (emphasis in original). The Seventh Circuit summarized Thorogood's allegation as follows:

> The plaintiff claims to believe that when a dryer is labeled or advertised as having a stainless steel drum, this implies, without more, that the drum is 100 percent stainless steel because otherwise it might rust and cause rust stains in the clothes dried in the dryer. Do the other 500,000 members of the class believe this? Does <u>anyone</u> believe this besides Mr. Thorogood? It is not as if Sears advertised the dryers as eliminating a problem of rust stains by having a stainless steel drum. There is no suggestion of that. It is not as if rust stains were a common concern of owners of clothes dryers. There is no suggestion of that either, and it certainly is not common knowledge.

<u>Id.</u> (emphasis in original). The Seventh Circuit concluded that the plaintiff's concerns were "idiosyncratic" and that the "evaluation of the class members' claims will require individual hearings." <u>Id.</u> The Seventh Circuit also noted that,

> In granting class certification, the district judge said that because "Sears marketed its dryers on a class wide basis . . . reliance can be presumed." Reliance on what? On stainless steel preventing rust stains on clothes? Since

6

>    rust stains on clothes do not appear to be one of the
>    hazards of clothes dryers, and since Sears did not advertise
>    its stainless steel dryers as preventing such stains, the
>    proposition that the other half million buyers, apart from
>    Thorogood, shared his understanding of Sears's
>    representations and paid a premium to avoid rust stains is,
>    to put it mildly, implausible, and so would require
>    individual hearings to verify.

Id. at 748.  In sum, the "deal breaker" against Thorogood's class allegations was "the absence of any reason to believe that there is a single understanding of the significance of labeling or advertising clothes dryers as containing a 'stainless steel drum.'" Id.

Plaintiff has sufficiently amended his complaint so as to differentiate it from the complaint in Thorogood to avoid the application of collateral estoppel.  Unlike the complaint in Thorogood, the amended complaint includes allegations that Defendants expressly advertised the significance of the fact that their dryers contain stainless steel drums.  For instance, Sears' website describes the "Stainless Steel Drum" as "Durable Drum eliminates rusting and chipping for long lasting performance."  First Amended Complaint (1AC) ¶ 50 (emphasis added).  Sears' website and in-store brochures state that Kenmore Dryers will "KEEP YOU CLOTHES LOOKING GREAT: An exclusive, all stainless steel drum provides lasting durability."  Id. ¶ 52 (upper case in original; emphasis added).  These allegations are of the precise type that the Seventh Circuit said would distinguish Thorogood from a claim in which common issues might predominate.

Because the allegations in the instant case are sufficiently different from those in Thorogood, the class certification issues

7

necessarily decided in the previous proceeding are not identical to those presently before the Court.  Plaintiff is not collaterally estopped from asserting his claims on a class-wide basis.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to strike.  Docket No. 110.  The stay on discovery is lifted and Plaintiff may commence discovery on his class claims.  The Court vacates the hearing on the motion to strike, but the parties shall appear as scheduled on September 14, 2010 2:00 p.m. to conduct a case management conference.

IT IS SO ORDERED.

Dated: 09/03/10

CLAUDIA WILKEN
United States District Judge