1    LAW OFFICE OF MARK BOLING
     Mark Boling (CA Bar # 101589)
2    21986 Cayuga Line
     Lake Forest, CA 92630
3    Telephone:   +1.949.588.9222
     Facsimile:   +1.949.588.7078
4    Attorneys for Plaintiff
     MARTIN MURRAY
5    (*additional attorneys listed on signature page*)

6    SQUIRE SANDERS (US) LLP
     Mark C. Dosker (CA Bar # 114789)
7    275 Battery Street, Suite 2600
     San Francisco, CA 94111
8    Telephone:  +1.415.954.0200
     Facsimile:   +1.415.393.9887
9    Attorneys for Defendant
     SEARS, ROEBUCK AND CO.
10   (*additional attorneys listed on signature page*)

11   LATHAM & WATKINS LLP
     Jason H. Lee (CA Bar # 253140)505 Montgomery
12   Street, Suite 2000
     San Francisco, CA 94111-6538
13   Telephone:    +1.415.391.0600
     Facsimile:    +1.415.395.8095
14   Attorneys for Defendant
     ELECTROLUX HOME PRODUCTS, INC.
15   (*additional attorneys listed on signature page*)

16

                  UNITED STATES DISTRICT COURT
17
                NORTHERN DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19   MARTIN MURRAY, individually, on behalf of the General Public and on behalf 20   of all others similarly situated, | Case No.  C-09-5744-CW |
| | **CLASS ACTION** |
| 21            Plaintiffs, | **SIXTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |
| 22      *v.* | |
| 23   SEARS, ROEBUCK AND CO., a corporation; ELECTROLUX HOME 24   PRODUCTS, INC., a corporation; DOES 1-100, | Date:  March 12, 2014 Time:  2:00 PM Place:  Courtroom 2 |
| 25          Defendants. | Civil Local Rule 16-10(d) |
| 26 | |

27

28   */////*

Pursuant to Civil Local Rule 16-10(d), counsel for Plaintiff Martin Murray ("Plaintiff") and counsel for Defendants Sears, Roebuck and Co. ("Sears") and Electrolux Home Products, Inc. ("Electrolux") (collectively, "Defendants") hereby submit the following Sixth Supplemental Joint Case Management Statement.

## 1. FACTS

### Plaintiff's Summary of Facts:

Because this is the sixth Supplemental Joint Case Management Statement or Stipulation submitted to the Court, for judicial economy Plaintiff refers the Court to the previous CMC Statements and Stipulations [Dkt. Nos. 134, 146, 148, 149, 151 and 153] for a more extensive background on this case.

This action is brought by Plaintiff Murray, individually and on behalf of others similarly situated, to obtain equitable relief, declaratory relief, damages, restitution and/or other remedies, for violations by Defendants Sears, Roebuck and Co. ("Sears") as a retailer and Electrolux Home Products, Inc. ("Electrolux") as a manufacturer (collectively "Defendants") of, inter alia, state consumer protection statutes, in connection with Defendants' course of conduct arising out of the disclosure, representations and omissions of material fact and sale of certain consumer laundry dryer products with a purported stainless steel drum ("subject products") which was not entirely stainless steel.

Plaintiff alleges in his First Amended Complaint (FAC) individual and class claims against Defendants under his 1) First Cause of Action for Violation of the Consumer Legal Remedies Act ("CLRA") *Cal. Civil Code* §§ 1770(a) (5), (7) and/or (9); 2) Second Cause of Action for violation of the Unfair Competition Law, ("UCL") *Cal. B&P Code* §17200 et seq.; 3) Third Cause of Action for Unjust Enrichment; and 4) Fourth Cause of Action for Breach of Contract.

On February 12, 2014, the Court issued its Order Denying Motion for Class Certification and scheduled a case management conference to set a case management schedule for Murray's individual claims as set forth in the FAC, *supra*.   See Plaintiff's Motion for Class Certification (Dkt. No. 167) for compliance with Civil Local Rule **16-9 (b)**.  On February 26, 2014, Plaintiff

1  filed a petition for 23(f) review with the U.S. Court of Appeals for the Ninth Circuit.

2  **Defendants' Summary of Facts**:

3  On February 12, 2014, this Court entered its Order Denying Motion for Class

4  Certification, in which it found, after a careful analysis, that Plaintiff failed to satisfy nearly all of

5  the pertinent requirements of Rule 23.  *See* Order Denying Mot. for Class Cert. (Dkt. #234).

6  First, the Court found that Plaintiff failed to satisfy the commonality requirement of Rule 23(a)(2)

7  because he "failed to present any evidence that Defendants represented on a class-wide basis that

8  the dryer's drum front was made of stainless steel (rather than mild steel) and that this feature

9  would prevent its user's clothing from developing rust stains or tears." *Id.* at 15.  Additionally,

10 the Court found that Plaintiff failed to satisfy the typicality requirement of Rule 23(a)(3) not only

11 because he "has not presented any evidence of class-wide misrepresentation or class-wide injury,"

12 but also because of "other fact-based defenses," such as his admission that "other problems with

13 Murray's dryer may have contributed to the rust stains he experienced" and that his claims were

14 filed after the expiration of the relevant limitations periods, noting that his arguments for tolling

15 or otherwise extending the periods are "appear particularly weak" and rest on "highly dubious

16 premises." *Id.* at 19-22.  For the same reasons, the Court also held that Plaintiff failed to satisfy

17 the adequacy requirement of Rule 23(a)(4).  *Id.* at 22-23.  Finally, this Court found that Plaintiff

18 failed to satisfy the requirements of Rule 23(b)(2) and (3).  *Id.* at 23-25.  The Court's denial of

19 Plaintiff's motion for class certification leaves only Plaintiff's individual claims regarding a

20 single Kenmore-brand dryer purchased by Plaintiff thirteen years ago at issue in this litigation.

21 Plaintiff has filed a Rule 23(f) petition seeking interlocutory review of this Court's Order,

22 arguing that this Court "ignored" the evidence and committed "manifest error."  Defendants

23 believe that the Court correctly denied Plaintiff's motion for class certification and that the

24 Court's order was thorough, well-reasoned and free from "manifest error."  As such, Defendants

25 oppose Plaintiff's petition and believe that, among other things, it does not meet the standard set

26 forth in *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005) and therefore should and

27 will be denied.  Defendants' opposition to the Rule 23(f) petition is due to be filed on March 11,

28 2014.

**2. LEGAL ISSUES**

**Plaintiff's Statement**: Plaintiff's Statement:

The legal issues for Plaintiff Murray's individual claims include, inter alia:

(1)     Whether Defendants, and each of them, have violated the CLRA and UCL;

(2)     Whether Plaintiff Murray entered into a contract with Defendant Sears for the purchase of the subject Kenmore dryer;

(3)     Whether Defendant Sears breached that contract with Plaintiff Murray;

(4)     Whether Plaintiff Murray has sustained an injury in fact and has been damaged with respect to the violations of the CLRA and UCL or the breach of contract;

(5)     The extent of any legal or equitable relief afforded as a result of such injury in fact.

Plaintiff reserves the right to add legal issues for class claims pending the outcome of the Rule 23(f) petition.

**Defendants' Statement**:

In the Court's Order Denying Plaintiff's Motion for Class Certification, the Court identified specific fact-based and legal defenses, such as limitations, that may be dispositive of Plaintiff's individual claims.  Defendants believe that the principal legal issues currently before the Court are:

(1)     Whether Defendants are each entitled to judgment as a matter of law as to Plaintiff's individual claims in light of the absence of evidence supporting those claims;

(2)     Whether Defendants are entitled to judgment as a matter of law on Plaintiff's request for an injunction; and

(3)     Whether Plaintiff's individual claims are barred by the relevant statutes of limitations.

**3. MOTIONS**

**Plaintiff's Statement**:

As stated, Plaintiff has filed a petition for 23(f) review with the U.S. Court of Appeals for the Ninth Circuit, Defendants' answer is due within 10 days.  If the petition is granted, Plaintiff would suggest a stay of these proceeding.  Plaintiff does not anticipate a lengthy delay waiting

1    whether the petition should be granted, and suggests that the current status conference hearing

2    scheduled on March 12, 2014 be continued and an update joint status report be filed seven (7)

3    days from the Appellate Court's Order granting or denying the 23(f) petition.

4         See Discovery, *infra*.

5         **Defendants' Statement**:

6         Defendants believe that dispositive motion practice under Federal Rule 56 will likely be

7    appropriate regarding Plaintiff's CLRA and UCL claims alleging misrepresentations, Plaintiff's

8    breach of contract and unjust enrichment claims, as well as the untimely nature of Plaintiff's

9    claims.

10        As noted above, Defendants do not believe that Plaintiff's petition to review the Court's

11   order denying his motion for class certification should or will be granted.   Nevertheless, to

12   conserve the resources of both the parties and the Court, Defendants do not object to Plaintiff's

13   request to continue this case management conference pending the Ninth Circuit's determination

14   of Plaintiff's Rule 23(f) petition, which Defendants will oppose on March 11, 2014.

15   **4. DISCOVERY**

16        **Plaintiff's Statement**:

17        Plaintiff seeks to continue and complete merits and remedial damages discovery.  The

18   parties have engaged in multiple meet and confer conferences by telephone to resolve most

19   discovery disputes.  The parties have deferred discovery on financial issues until the outcome of

20   Plaintiff's Motion for Class Certification, which will need to be pursued.  This entails obtaining

21   supplemental interrogatory responses and production of documents previously propounded to

22   Defendants on financial issues that support monetary relief for damages under the CLRA or

23   restitution under the UCL. Further written and deposition testimony is required for person(s) who

24   were percipient witnesses at the time of designing and launching the stainless steel drum feature

25   in the subject laundry dryers as 1) Sears' associate buyer for Laundry Products, 2) Sears' Lab

26   Engineer who would have reviewed and investigated any features for the Products, 3)

27   Electrolux's marketing employee(s) 4) Electrolux's design/engineering employee(s) who

28   interfaced with the marketing department for Electrolux, and 5) remedial damages or restitution.

1    Defendants have played a game of hide of seek of these employees causing Plaintiff to take

2    numerous depositions of individuals who were only tangently involved in or had little or no

3    recollection of the design and launch the stainless steel drum feature in the subject laundry dryers.

4         Plaintiff will require leave of court to allow, schedule and conduct these additional

5    depositions and written discovery, which are beyond the statutory limited number and Defendants

6    have not agreed to stipulate to extend such limits for these depositions.  Furthermore, if additional

7    or supplemental discovery responses are not timely received from Defendants, Plaintiff may

8    require judicial intervention.

9         **Defendants' Statement**:

10        Plaintiff's abusive discovery tactics in this case are well-documented.  *See Thorogood v.*

11   *Sears, Roebuck and Co.*, 624 F.3d 842, 848, 851-52 (7th Cir. 2010) *("Thorogood III")*  (in his

12   efforts to pursue discovery in *Murray*, Plaintiff's Counsel engaged in "something close to

13   settlement extortion" by seeking to "coerc[e] a settlement by running up Sears's discovery

14   expense" and threatening to "drown[] [Defendants] in the discovery bog").

15        In any event, discovery in this matter, which has been extensive and voluminous, is

16   substantially complete.  Plaintiff propounded "a) six separate requests for production to Sears,

17   totaling 149 categories of production; b) seven separate requests for production to Electrolux, also

18   totaling 149 categories of production; c) three separate sets of interrogatories to Sears, comprising

19   25 questions; d) three separate sets of interrogatories to Electrolux, comprising 21 questions; and

20   e) six separate notices of deposition pursuant to Rule 30(b)(6) on no fewer than 134 separate

21   topics."  Dec. of Philip Oliss (Dkt. 198) ¶7.  In response, "Sears produced 4,422 pages of

22   documents, Electrolux produced 2,065 pages of documents, and Plaintiff's Counsel noticed and

23   took 15 depositions of past and present employees of Sears, Electrolux and third-party ARS

24   Ecommerce LLC," *id.* ¶8, as well as a deposition of Defendants' expert witness, Professor Kivetz.

25   "Defendants conducted two depositions: one of Murray and another of his designated expert

26   witness, Lisa Thomas."  *Id.*  Despite the fact that Plaintiff's deposition requests in this matter

27   have significantly exceeded the number permitted by Federal Rule 30(a)(2)(A)(i) (10-deposition

28   limit without leave of court), Defendants have repeatedly accommodated them, and this Court

even extended fact discovery prior to Plaintiff's class certification motion to permit Plaintiff to depose two additional fact witnesses. *See* Order (Dkt. 166). Moreover, the discovery in this case is ***in addition to*** the significant discovery undertaken in the *Thorogood* matter, in which "Sears produced 11,669 pages of responsive documents. In addition, Electrolux, a third-party to the *Thorogood* action, separately produced 664 pages of documents in response to the plaintiff's requests." *Id.* ¶5.

Plaintiff announces here his intention to seek additional "merits" discovery, including numerous additional depositions of Sears and Electrolux personnel on subject matter substantially similar to the 15 depositions already taken. Plaintiff fails to explain how extensive financial information from Defendants, depositions of "1) Sears' associate buyer for Laundry Products, 2) Sears' Lab Engineer who would have reviewed and investigated any features for the Products, 3) Electrolux's marketing employee(s) 4) Electrolux's design/engineering employee(s) who interfaced with the marketing department for Electrolux" is necessary to adjudicate his individual claim, which involves a single Kenmore-brand dryer purchased by Plaintiff and the circumstances of that single purchase.

Discovery to date has been fulsome and largely accommodating for Plaintiff, and very expensive, time-consuming and burdensome for Defendants. Discovery is substantially complete and this Court should not permit Plaintiff to renew his fruitless – and punitive – fishing expedition against Defendants.

**5. SETTLEMENT AND ADR**

In compliance with L.R. 16-10(d), the parties state that they do not believe that ADR would assist in resolving this case at this time.

**6. SCHEDULING**

**Plaintiff's Statement**:

Plaintiff proposes the following dates, which are subject to revision based on Motions.

6/13/14 – Merits Discovery Cut-off Date

1   7/3/14 – Plaintiff's Designation of Experts for purposes of Trial

2              15 days later – Defendants' Designation of Experts

3   9/8/14 – Trial

4   **<u>Defendants' Statement</u>**:

5   Defendants propose that the parties submit an updated joint case management statement

6   within seven (7) days of the Ninth Circuit's Order granting or denying Plaintiff's 23(f) petition,

7   which statement will include, as appropriate, proposed dates for dispositive motion practice under

8   Rule 56.

9

10  Dated:  March 5, 2014            By: _____ */s/ Kenneth T. Goldstein*
                                                Kenneth T. Goldstein

11                                           Attorneys for Plaintiff
                                             MARTIN MURRAY

12  LAW OFFICE OF MARK BOLING        KRISLOV & ASSOCIATES, LTD.

13  Mark Boling (CA Bar # 101589)          Clinton A. Krislov/Kenneth T. Goldstein
     maboling@earthlink.net                (admitted *pro hac vice*)

14  21986 Cayuga Line                            clint@krislovlaw.com
    Lake Forest, CA 92630                   20 N. Wacker Drive, Suite 1350

15  Telephone:  +1.949.588.9222         Chicago, IL 60606
    Facsimile:   +1.949.588.7078         Telephone:  +1.312.606.0500

16                                           Facsimile:   +1.312.606.0207

17  Dated:  March 5, 2014            By: _____ */s/ Philip M. Oliss*
                                                Philip M. Oliss

18                                           Attorneys for Defendant
19                                           SEARS, ROEBUCK AND CO.

20  SQUIRE SANDERS (US) LLP           SQUIRE SANDERS (US) LLP
    Mark C. Dosker (CA Bar # 114789)     Philip M. Oliss (admitted *pro hac vice*)

21   mark.dosker@squiresanders.com        philip.oliss@squiresanders.com
    275 Battery Street, Suite 2600          Bruce Khula (admitted *pro hac vice*)

22  San Francisco, CA 94111              bruce.khula@squiresanders.com
    Telephone:  +1.415.954.0200         4900 Key Tower

23  Facsimile:   +1.415.393.9887         127 Public Square
                                             Cleveland, OH 44114

24                                           Telephone:  +1.216.479.8500
                                             Facsimile:   +1.216.479.8780

25  Dated:  March 5, 2014            By: _____ */s/ Kathleen P. Lally*
                                                Kathleen P. Lally

26                                           Attorneys for Defendant
27                                           ELECTROLUX HOME PRODUCTS, INC.

28  LATHAM & WATKINS LLP            LATHAM & WATKINS LLP

1

Jason H. Lee (CA Bar # 253140)
  jason.lee@lw.com
505 Montgomery Street, Suite 2000

2

San Francisco, CA 94111-6538
Telephone:     +1.415.391.0600

3

Facsimile:     +1.415.395.8095

Mark S. Mester (admitted *pro hac vice*)
  mark.mester@lw.com
Kathleen P. Lally (admitted *pro hac vice*)
  kathleen.lally@lw.com
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Telephone:   +1.312.876.7700

4

Facsimile:     +1.312.993.9767

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3         I am over the age of 18 years and am not a party to this cause.  I am employed in Cook County, Illinois.  My business address is Krislov & Associates, Ltd., 20 N. Wacker Drive, Chicago, IL 60606 and electronic notification address is ken@krislovlaw.com.

4

5         On March 5, 2014, I served the attached following document(s) in this action, **Sixth supplemental joint case management statement,**

6         by  sending a true copy thereof by **ELECTRONIC SERVICE** pursuant to a court order and/or an agreement between the parties addressed to the interested persons served as follows:

7

8    Mark C. Dosker
     mdosker@ssd.com
9    Philip M. Oliss
     poliss@ssd.com
10   Attorneys for Defendant Sears, Roebuck And Co.

11    Mark S. Mester / Kathleen Lally
      mark.mester@lw.com/Kathleen.Lally@lw.com
12    Attorneys for Defendant
      Electrolux Home Products, Inc.
13

14

15         The transmission of said document(s) to each party served was reported as complete and without error within a reasonable time after said transmission. I declare under penalty of perjury under the laws of the State of California and/or the United States of America that the above is true and correct.  Executed on March 5, 2014 at Chicago, Illinois.

16

17

18                                              s/Kenneth T. Goldstein
                                                Kenneth T. Goldstein
19

20

21

22

23

24

25

26

27

28